NO. 12-01-00342-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 APPEAL FROM THE 



IN THE MATTER OF K.H.
§
 COUNTY COURT AT LAW NO. 3 OF



§
 SMITH COUNTY, TEXAS






MEMORANDUM OPINION
 

 K.H. ("Appellant") appeals from the trial court's order transferring her from the Texas Youth
Commission ("TYC") to the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") to serve the remainder of her seven year determinate sentence. In five issues, Appellant asserts
that (1) her trial counsel was ineffective, and that the trial court (2) was without jurisdiction to enter
the order, (3) was without authority to hold the hearing, (4) abused its discretion in transferring her
to TDCJ-ID, and (5) deprived her of effective assistance of counsel. We affirm the trial court's
order.


Background

 On July 12, 2000, Appellant, who was sixteen years old at the time, was adjudged delinquent
for committing aggravated assault. The trial court gave Appellant a seven year determinate sentence,
committing her to TYC. On September 4, 2001, the trial court received a referral letter from TYC
requesting a hearing to determine whether Appellant should be transferred to TDCJ-ID. The hearing
was originally set for October 1, 2001, but reset for November 1, 2001. At the hearing, Appellant's
father explained that he had been unable to hire counsel for Appellant until the morning of
November 1. Counsel announced that he was not ready to proceed because he had been hired twenty
minutes earlier and had not reviewed any records or reports. The trial court allowed the State to
make its opening argument and then recessed the hearing until November 9 to give Appellant's
counsel time to review materials relating to the transfer hearing. 

 When court reconvened on November 9, Leonard Cucolo, court liason for TYC, testified
about Appellant's experiences during her stay at TYC. He testified that thirty-six incidents of
Appellant's misconduct and/or referrals to the security unit had been reported. She had been placed
in the security unit fifteen times. There were four documented assaults on students and six assaults
on staff, as well as other incidents of a violent nature. He stated that she participated in what he
termed a "riot." Cucolo explained that Appellant was assessed as emotionally disturbed, and was
in both individual and group counseling, as well as specialized treatment programs. She initially did
"fairly well" but her behavior deteriorated. She did "fairly well" in a three week behavior
modification program, but did not comply with requirements for a later ninety-day program. Further,
her behavior interfered with learning and resocialization of other students. Based on her overall
performance, assaultive behavior, failure to respond to treatment programs, and the need to protect
other people, TYC recommended a transfer to TDCJ-ID. 

 One of Appellant's direct care staff, juvenile corrections officer Ricky Gazaway, testified that
Appellant has a "what's in it for me?" attitude. He explained that one day Appellant started a
preplanned riot. She pulled books off of shelves, turned over cubby holes and desks, and tore up file
boxes. On another day, she became disruptive and had to be removed in handcuffs. She has
threatened him and called him names. He stated that she has not responded to treatment at TYC and
should go to TDCJ-ID. 

 Eugene Schoenle, a juvenile corrections officer in the security unit, testified that Appellant
refused to go peacefully when he attempted to restrain her after she became disruptive. She kicked
and scratched him, drawing blood. She threatened to write a grievance against him, have him fired,
and hurt him. She exhibited complete noncompliance, beating on doors, cursing and threatening
staff, and refusing all counseling. He recommended a transfer to TDCJ-ID.

 Cindy Fields was one of Appellant's teachers at TYC. On one day, Appellant attacked
Fields. Appellant pushed her to the floor and sat on top of her. Appellant tried to cover Fields' face,
scratched her, kicked her, and kneed her. Fields suffered bruises and bleeding and bears two scars
from the ordeal. The other children were frightened by Appellant's actions. Fields testified that it
was not unusual for Appellant to be oppositional and disruptive. Fields said TYC cannot do
anything more for Appellant. Further, Appellant does not want their help, she does not comply with
the rules, and will not work in their program. She recommended Appellant be transferred to TDCJ-ID. At the conclusion of the transfer hearing, the trial court ordered Appellant transferred to TDCJ-ID to serve the remainder of her sentence.


Jurisdiction

 In her second issue, Appellant contends the trial court was without jurisdiction on the day
it entered the transfer order. She relies on the Family Code's requirement that the transfer or release
hearing be held not later than the sixtieth day after the court receives the referral. Here, the hearing
began before the sixtieth day but was recessed and reconvened after the sixtieth day. However,
Appellant reasons that the court was without jurisdiction because it did not receive any evidence
until after the sixtieth day.

 Section 54.11 of the Texas Family Code provides that the juvenile court shall hold a release
hearing not later than the sixtieth day after the date the court receives a referral for transfer to TDCJ-ID of a person committed to TYC. Tex. Fam. Code Ann. § 54.11(h) (Vernon 2002). An earlier
version of this provision has been interpreted to mean that the required hearing must begin before
the stated statutory deadline but it did not have to conclude before the deadline. In the Matter of
C.L., 874 S.W.2d 880, 884 (Tex. App.- Austin 1994, no writ). We agree with that court's reasoning. 
If the legislature had intended that the hearing be completed before the sixtieth day after the court
receives the referral, it could have so specified. See id. Further, even if the court had completely
failed to hold the hearing within the time specified, this would constitute error, but it would not
deprive the trial court of jurisdiction to order Appellant transferred to TDCJ-ID. The trial court had
jurisdiction over Appellant pursuant to Texas Family Code section 51.0411. Tex. Fam. Code Ann.
§ 51.0411 (Vernon 2002); see also In the Matter of H.V.R., 974 S.W.2d 213, 217 (Tex. App.- San
Antonio 1998, no pet.) (The court, interpreting prior version of section 54.11(h), held that failure to
hold release hearing before thirtieth day before a juvenile's eighteenth birthday constitutes error but
does not deprive court of jurisdiction.). We overrule Appellant's second issue.

 In her third issue, Appellant contends the trial court had no authority to hold the hearing until
after her attorney had at least one day to review the written materials. Section 54.11(d) states that
the court shall provide Appellant's attorney with access to all written matter to be considered by the
court at least one day before the hearing. Tex. Fam. Code Ann. § 54.11(d) (Vernon 2002). This
provision is not jurisdictional and therefore failure to follow it cannot deprive the trial court of the
authority to hold the hearing. As stated above, the trial court had jurisdiction over Appellant
pursuant to Family Code section 51.0411. Tex. Fam. Code Ann. § 51.0411. Further, although she
had sixty days notice that a hearing was to be held, Appellant had not yet hired an attorney one day
before the scheduled hearing. Therefore, it would have been impossible for the trial court to comply
with section 54.11(d). Finally, that section's purpose is to provide Appellant's counsel with
sufficient time to review pertinent records before the trial court receives evidence. The record does
not reflect the date on which counsel received the records. No complaint is made that counsel did
not have the materials one day before court reconvened. We overrule Appellant's third issue.


Discretion to Transfer

 In her first issue, Appellant asserts the trial court abused its discretion in transferring her from
TYC to TDCJ-ID. She argues that there was evidence of only one assault involving physical pain
or injuries and contends that is insufficient to support the trial court's decision. Further, there was
no evidence that the welfare of the community at large required her transfer.

 At the release or transfer hearing, the trial court decides whether to return the person to TYC
or transfer her to TDCJ-ID for the completion of her sentence. Tex. Fam. Code Ann. § 54.11(i)
(Vernon 2002). In making its decision, the court may consider the experiences and character of the
person before and after commitment to TYC, the nature of the penal offense that the person
committed and the manner in which the offense was committed, the abilities of the person to
contribute to society, the protection of the victim or the victim's family, the recommendations of the
youth commission and prosecuting attorney, the best interests of the person, and any other relevant
factor. Tex. Fam. Code Ann. § 54.11(k) (Vernon 2002). We review the trial court's decision under
an abuse of discretion standard. J.R.W. v. State, 879 S.W.2d 254, 257 (Tex. App.- Dallas 1994, no
writ). We reverse the trial court only if it has acted in an unreasonable or arbitrary manner. Id. We
review the entire record to determine if the trial court acted without reference to any guiding rules
and principles. Id.

 Appellant was found to have committed aggravated assault by stabbing the victim with a
knife. While in TYC, officials there reported thirty-six incidents of misconduct and/or referrals to
the security unit. She has been placed in the security unit fifteen times. Evidence shows she
assaulted both students and staff. She has failed to respond to her treatment programs and interfered
with learning and resocialization of other students. One of her teachers testified that TYC can do
nothing more for Appellant. All of the State's witnesses recommended that Appellant be transferred 
to TDCJ-ID. In light of the violent nature of the offense Appellant committed and the manner in
which she has conducted herself in the time she has been in TYC, we conclude the trial court did not
abuse its discretion in ordering her transfer to TDCJ-ID. See J.R.W., 879 S.W.2d at 257-58. We
overrule Appellant's first issue.


Right to Counsel and of Confrontation

 In her fourth issue, Appellant asserts that, by allowing the State to give an opening statement
on the same day Appellant's counsel was retained, it deprived her of the right to previous
examination and/or effective assistance of counsel. Apparently, she argues that resetting the hearing
to a point outside the sixty-day time limit negatively impacted her right to counsel and right of
confrontation. 

 Section 54.11(e) provides that Appellant is entitled to an attorney, to examine all witnesses
against her, to present evidence and argument, and to previous examination of all reports,
evaluations, and examinations that may be used in the hearing. Tex. Fam. Code Ann. § 54.11(e)
(Vernon 2002). No testimony or other evidence was received on November 1. Appellant does not
complain that her attorney did not have access to all reports, evaluations, and examinations prior to
November 9, the day the trial court received evidence in this case. Her attorney was present on that
day and could have, but did not, engage all of the State's witnesses in cross-examination. Her
attorney could have, but did not, present evidence on her behalf to the trial court. Appellant enjoyed
her right to an attorney and was afforded the right of confrontation. The fact that the testimony was
heard at a point in time after the sixtieth day after the trial court received notice of the referral is
inapposite. The requirements of section 54.11(e) were met. See Tex. Fam. Code Ann. § 54.11(e). 
We perceive no error in the trial court's action. We overrule Appellant's fourth issue.

Ineffective Assistance of Counsel

 In her fifth issue, Appellant asserts that her trial counsel committed reversible error when he
failed to seek appointment of a mental health expert. She argues that she had been identified as
suffering from "emotional disturbance" and had been placed in specialized programs because of her
condition. Therefore, her attorney should have sought appointment of a mental health expert. We
interpret this issue as a complaint that trial counsel was ineffective.

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674, 693 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). 
Absent a showing of both prongs of the Strickland test, this Court cannot conclude that a
defendant's conviction resulted from a breakdown in the adversarial process such that it rendered
the result unreliable. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Claims of ineffective
assistance of counsel must be supported by the record. See Mercado v. State, 615 S.W.2d 225, 228
(Tex. Crim. App. [Panel Op.] 1981). 

 The record does not indicate that Appellant suffered from a psychological condition or
mental health problems. While Cucolo stated that Appellant was emotionally disturbed, this term
was not medically defined and there is no evidence of the need for a mental health professional. The
testimony was to the effect that Appellant exhibited behavioral problems. Appellant has not shown
counsel's failure to request appointment of a mental health professional was unreasonable. 
Therefore, Appellant has not met the first prong of the Strickland test. Strickland, 466 U.S. at 687,
104 S. Ct. at 2064. We overrule Appellant's fifth issue.


Conclusion

 The trial court had jurisdiction over Appellant, she was afforded her right to counsel and of
confrontation, and the trial court did not abuse its discretion in ordering her transferred to TDCJ-ID. 
Further, she was not denied effective assistance of counsel. Accordingly, we affirm the trial court's
order.


 SAM GRIFFITH 

 Justice



Opinion delivered March 5, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.















(PUBLISH)