IN the Matter of DT a Jvenile















IN THE
TENTH COURT OF APPEALS
 

No. 10-03-076-CV

IN THE MATTER OF D.T., A JUVENILE
 

From the 40th District Court
Ellis County, Texas
Trial Court # 00-J-5049
                                                                                                                
                                                                                                         
MEMORANDUM OPINION
                                                                                                                

      A jury found D.T. engaged in delinquent conduct by committing the offense of aggravated
sexual assault of a four-year-old child. After a disposition hearing, the jury determined that D.T.
was in need of rehabilitation and could not be provided the quality of care and level of support and
supervision that he would need to meet the conditions of probation. The verdict on disposition
was a commitment to the Texas Youth Commission (TYC) for a period of ten years with the
possibility of transfer to prison. There is no indication in the record that D.T. appealed this
decision.
      Almost two years later, in October of 2002, TYC referred D.T. to the court for approval of
his transfer to prison. See Tex. Hum. Res. Code Ann. § 61.079 (Vernon 2001). D.T. was 17
years old at the time of the referral. The court conducted a release/transfer hearing and ordered
D.T. transferred to prison to serve the remainder of his ten year sentence. See Tex. Fam. Code
Ann. § 54.11 (Vernon Supp. 2004). We affirm the court’s order.
Abuse of Discretion
      In his sole issue on appeal, D.T. contends the court abused its discretion in transferring him
to prison due to no evidence or insufficient evidence. Specifically, he contends that the TYC
representative could not provide the court with evidence supporting the Commission’s
recommendation and that TYC did not provide him with adequate opportunity or resources for
rehabilitation.
      At a transfer/release hearing the court may consider written reports from probation officers,
professional court employees, professional consultants, or employees of TYC, in addition to the
testimony of witnesses. Tex. Fam. Code Ann. § 54.11(d) (Vernon Supp. 2004). The court may
also consider the experiences and character of the person before and after commitment to the youth
commission, the nature of the penal offense that the person was found to have committed and the
manner in which the offense was committed, the abilities of the person to contribute to society,
the protection of the victim of the offense or any member of the victim's family, the
recommendations of the youth commission and prosecuting attorney, the best interests of the
person, and any other factor relevant to the issue to be decided. Tex. Fam. Code Ann. §
54.11(k) (Vernon Supp. 2004).
      But the court is not required to consider all of the factors, and it is expressly allowed to
consider unlisted but relevant factors. In re C.L., Jr., 874 S.W.2d 880, 886 (Tex. App.—Austin
1994, no pet.). Evidence of each listed factor is not required. Id. Similarly, the court may assign
different weights to the factors it considers. Id.
      We will follow the existing case law which uniformly holds that, when reviewing the trial
court's decision to transfer a juvenile from TYC to prison, the reviewing court employs an abuse
of discretion standard. In re C.D.T., 98 S.W.3d 280, 283 (Tex. App.—Houston [1st Dist.] 2003,
pet. denied); In re T.D.H., 971 S.W.2d 606, 610 (Tex. App.—Dallas 1998, no pet.). The
reviewing court must view the entire record to determine if the trial court acted without reference
to guiding rules and in an arbitrary manner. C.D.T., 98 S.W.3d at 283; T.D.H., 971 S.W.2d at
610. An abuse of discretion does not exist if the court bases its decision on conflicting evidence. 
J.R.W. v. State, 879 S.W.2d 254, 257 (Tex. App.—Dallas 1994, no writ). And we do not review
factual issues under legal or factual insufficiency standards. Id.
Evidence
      The court heard testimony from Leonard Cucolo, the TYC court liaison, a juvenile probation
officer, D.T., his mother, and his pastor. The court also took into consideration 4 exhibits of
TYC documents and one report from TYC summarizing the Commission’s position. The court
noted that it had these five exhibits for a month. All five exhibits were admitted into evidence
without objection.
      D.T.’s behavior at TYC was less than model. The record showed that D.T., in 22 months
in placement, had at least 173 documented incidents of misconduct which included self-referrals,
disruption of the program, and assaultive behavior. He was segregated from the general
population and placed in a security unit 22 times due to the seriousness of the misconduct or for
his uncooperative behavior. According to TYC’s written summary, the last time D.T. was placed
in the security unit was in November, a month after his referral to juvenile court. In December,
he spat at a staff member. D.T. denied most of the reported misconduct incidents, contending that
the staff lied about him.
      In addition to this evidence, there was conflicting testimony regarding in what “phase” D.T.
was currently placed. The phases ranged from zero, being poor, to four, being the highest phase
obtainable while confined. Cucolo initially testified that D.T. was in phase one. He later checked
the documents admitted and discovered that as of November, the last time documents were
compiled, D.T. was in phase two. D.T. had just been demoted from phase three. D.T. testified
that as of the hearing, he was in phase three.
      At the time of his referral to the juvenile court, D.T.’s academic progress fluctuated. He had
an I.Q. of 114 but had not obtained a G.E.D. and had only earned two credits toward his high
school diploma. D.T. contended that he took the G.E.D. in November and graduated in
December. He admitted, though, that he accomplished this after his referral back to court.
      According to the documentary evidence before the court, D.T. never rose above a phase 2 in
his correctional therapy. He did not complete his assignments necessary to be promoted to phase
3. And he would not admit his responsibility for the offense he was found to have committed. 
At the hearing, D.T. accepted responsibility. The TYC reports also indicated that D.T. showed
a lack of empathy for his victims. His primary service worker could not recommend specialized
treatment for D.T. because he had not made sufficient progress in the general resocialization
program. The last psychological evaluation conducted on D.T. concluded that D.T. was
unmotivated and was unlikely to benefit from additional treatment in TYC.
      TYC unanimously recommended that D.T. be transferred to prison. The prosecutor echoed
that recommendation.
      D.T. contends that Cucolo did not testify about all the factors listed in the family code and
was incorrect in what he did testify about. As we stated earlier, the State is not required to
produce evidence on all the listed factors. And, an abuse of discretion does not exist if the court
bases its decision on conflicting evidence.
      D.T. also contends that TYC did not provide him with the opportunity to advance in his
behavior and treatment because it did not place him in a specialized sex offender program. The
Ellis County Juvenile Probation Department and an early psychological evaluation recommended
such treatment. However, D.T. had been afforded the opportunity to participate in a sex offender
program in Dallas before his commitment to TYC. After almost five months, D.T. made little
progress toward successful completion of the program. D.T. had limited participation in the
program and his parents were uninvolved in his treatment. Generally, his parents were
uncooperative with the juvenile justice system. But because D.T. had not progressed in the
general resocialization program at TYC, he was not a candidate for the sex offender’s program.
Application
      After reviewing the entire record, we hold that the court did not abuse its discretion. D.T.’s
sole issue is overruled.
Conclusion
      Having overruled D.T.’s sole issue on appeal, the court’s order transferring D.T. to prison
is affirmed.
                                                                   TOM GRAY
                                                                   Chief Justice
Before Chief Justice Gray,
      Justice Vance, and
      Judge Strother (Sitting by Assignment)



Affirmed 
Opinion delivered and filed December 31, 2003
[CV06]



her the condition rose to the level
of a nuisance, the City has failed to meet its summary-judgment burden and was not entitled to
summary judgment on the nuisance cause of action. See Nixon, 690 S.W.2d at 548.
UNCONSTITUTIONAL TAKING
      The Church also asserted a cause of action under article I, section 17, of the Texas
Constitution for the taking, damaging or destruction of its property for public use.


 The test under
article I, section 17, is whether "the State intentionally perform[ed] certain acts in the exercise of
its lawful authority . . . which resulted in the taking or damaging of plaintiff's property [for public
use], and which acts were the proximate cause of the taking or damaging of such property." State
v. Hale, 136 Tex. 29, 146 S.W.2d 731, 736 (1941). Proof of a non-negligent nuisance may also
allow a litigant to recover under this provision. Steele v. City of Houston, 603 S.W.2d 786, 791
(Tex. 1980); City of Abilene v. Downs, 367 S.W.2d 153, 159 (Tex. 1963). 
      Because fact questions exist about what caused the backup, whether the City intentionally or
negligently failed to correct the cause of the backup, whether the condition rose to the level of a
nuisance, whether the City intended to take acts which resulted in the taking, damaging, or
destruction of any interest in the property, the City has failed to meet its summary-judgment
burden and was not entitled to summary judgment on this cause of action. See Nixon, 690 S.W.2d
at 548.
      We sustain the point. We reverse the judgment and remand the cause for trial.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Reversed and remanded
Opinion delivered and filed February 10, 1993
Publish

WITHDRAWN 2-17-93