v.

**The STATE of Texas, Appellee.**

**No. 05–93–01376–CV.**

Court of Appeals of Texas,
Dallas.

May 31, 1994.

Raymond E. North, Dallas, for appellant.

April E. Smith, Rita Yeakley, Asst. Dist. Atty., Dallas, for appellee.

Before BAKER, ROSENBERG and MORRIS, JJ.

## OPINION

BAKER, Justice.

J.R.W. appeals the trial court's order transferring him to the Texas Department of Criminal Justice at his eighteenth birthday. Appellant contends no evidence supported the trial court's order transferring him to TDCJ. He contends the trial court abused its discretion by not following recommendations to release him to the SECOR program.[1] Appellant also complains the trial court violated his constitutional rights to due process

---

1. SECOR stands for Secure Corrections which is a private sector half-way house for supervision of delinquent children.

and equal protection. We affirm the trial court's order.

## FACTUAL BACKGROUND

A juvenile court adjudicated appellant a delinquent child when a jury found that he committed attempted capital murder, aggravated kidnapping, and unauthorized use of a motor vehicle. The jury recommended and the trial court imposed a thirty-year determinate sentence in the Texas Youth Commission. After serving twenty-two months of his term, the trial court held a release hearing under section 54.11 of the family code. *See* Tex.Fam.Code Ann. § 54.11 (Vernon Supp. 1994).

At the hearing, a TYC administrator, state psychologist, and appellant's volunteer mentors recommended that the trial court release appellant to the SECOR program. The state psychologist testified that he did not recommend a transfer to TDCJ. He also testified that appellant was self-centered and not responsive to the needs of others.

The TYC administrator testified about appellant's behavior at TYC. There was evidence that he had slept through some group sessions, sometimes acted inappropriately, and was lazy. Appellant's master file from TYC showed that he had been uncooperative while interviewing at a halfway house. It also showed he had problems with authority. The TYC classified him as liking money, power, and excitement. The administrator testified that appellant was on pre-release status. She said he had received his G.E.D. and a welding certificate while at TYC.

One of the investigators of the underlying offenses testified the State would not protect the public if the trial court released appellant. The investigator related the details of the underlying offenses. The victim's girlfriend testified the State would not serve the public by releasing appellant. She testified about the victim's physical and emotional injuries caused by the offenses.

The trial court ordered appellant's transfer to TDCJ when appellant reached age eighteen. The trial court did not make findings of fact or conclusions of law. The trial court's order lists the evidence it considered in deciding to transfer appellant to TDCJ.

## APPLICABLE LAW

### A. Section 54.11 [2]

The trial court held the release hearing under section 54.11 of the family code. Section 54.11 provides for a juvenile court to hold a release hearing at least thirty days before the juvenile's eighteenth birthday. At the hearing, the trial court decides whether to discharge the juvenile, transfer him to TDCJ, release him under supervision, or remand him to TYC without a determinate sentence. *See* Tex.Fam.Code Ann. § 54.-11(a), (b), (h), and (i) (Vernon Supp.1994). Section 54.11 also provides:

> (d) At a release hearing, the court may consider written reports from probation officers, professional court employees, or professional consultants, in addition to the testimony of witnesses.
>
>     \*       \*       \*       \*       \*       \*
>
> (j) In making a determination under this section, the court may consider the experiences and character of the person before and after commitment to the youth commission, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the youth commission and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

Tex.Fam.Code Ann. § 54.11(d), (j) (Vernon Supp.1994).

### B. Standard of Review

The rules of civil procedure govern juvenile proceedings as far as practical. Juvenile proceedings are civil in nature. *Matter of M.R.*, 846 S.W.2d 97, 100 (Tex.App.—Fort Worth 1992), *writ denied per curiam*, 858 S.W.2d 365 (Tex.1993). The rules governing civil appeals govern appeals from ju-

2. Tex.Fam.Code Ann. § 54.11 (Vernon Supp.1994).

venile court. *G.A.O. v. State,* 854 S.W.2d 710, 713 (Tex.App.—San Antonio 1993, no writ). Trial courts in juvenile proceedings have broad powers and discretion. *T.R.S. v. State,* 663 S.W.2d 920, 923 (Tex.App.—Fort Worth 1984, no writ).

██ A statute that uses the word "may" is permissive rather than mandatory unless there is something in the statute to show a legislative intent that "may" is mandatory. *See Buttles v. Navarro,* 766 S.W.2d 893, 894 (Tex.App.—San Antonio 1989, no writ). A permissive statute gives a trial court discretion to decide under the framework of the statute. The Legislature used the word "may" in parts (d) and (j) of section 54.11. Nothing in section 54.11 shows a legislative intent that "may" is mandatory instead of permissive. We review decisions made pursuant to section 54.11 under an abuse of discretion standard.

Under an abuse of discretion review, we reverse the trial court only if the trial court has acted in an unreasonable or arbitrary manner. We may not reverse for an abuse of discretion because we disagree with the trial court's decision as long as that decision was within the trial court's discretionary authority. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991). To determine if there is an abuse of discretion, we review the entire record to determine if the trial court acted without reference to any guiding rules and principles. *See Morrow v. H.E.B., Inc.,* 714 S.W.2d 297 (Tex.1986).

██ Under a discretionary statute, findings of fact and conclusions of law are neither appropriate nor required. *See Crouch v. Tenneco, Inc.,* 853 S.W.2d 643, 649 (Tex. App.—Waco 1993, writ denied) (op. on reh'g); *Recon Exploration, Inc. v. Hodges,* 798 S.W.2d 848, 853 (Tex.App.—Dallas 1990, no writ). Under an abuse of discretion review, we do not review factual issues decided by the trial court under legal or factual-sufficiency standards. *Crouch,* 853 S.W.2d at 649. An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence supports the trial court's decision. *Executive Tele–Communications Systems, Inc. v. Buchbaum,* 669 S.W.2d 400, 403 (Tex.App.—Dallas 1984, no

writ). The party claiming abuse of discretion has the burden on appeal to show the abuse of discretion. *Clade v. Larsen,* 838 S.W.2d 277, 280 (Tex.App.—Dallas 1992, writ denied).

### C. Preservation of Error

██ A party must timely present an objection, request or motion stating the specific grounds for the ruling that he desires to preserve error for appellate review. TEX. R.APP.P. 52(a). A party also must get a ruling on the party's objection, request, or motion to preserve error for review. TEX. R.APP.P. 52(a). When briefing state and federal constitutional grounds an appellant must provide adequate authority for each ground and separate the argument of the state and federal grounds. *See Heitman v. State,* 815 S.W.2d 681, 690–91 n. 23 (Tex.Crim.App. 1991).

### APPLICATION OF LAW TO THE FACTS

██ During oral argument, appellant conceded his points of error three, six, and eight. These points of error complained of the trial court's failure to make certain findings of fact. Findings of fact and conclusions of law are not necessary when the trial court has discretion to decide issues. *See Crouch,* 853 S.W.2d at 649.

Appellant complains there is no evidence that: appellant needed further rehabilitation; the transfer would result in further rehabilitation; the transfer was in appellant's best interest; or the transfer was in the public's best interest. Appellant argues that because no evidence existed on these four factors the trial court's order transferring appellant to TDCJ was improper.

██ Appellant urges us to conduct a legal-sufficiency review to determine if there is evidence of specific facts to decide whether the trial court abused its discretion. However, under an abuse of discretion review, we review the entire record to determine if the trial court acted arbitrarily and unreasonably. We review the entire record to determine if the trial court followed guiding rules and statutes. If some evidence in the record

258

supports the trial court decision, there is no abuse of discretion. *Crouch,* 853 S.W.2d at 649. The record shows the trial court decided to transfer appellant to TDCJ based on the considerations listed in parts (d) and (j) of section 54.11. The trial court followed the guiding statute in deciding the issue.

■ The record supports the trial court's order transferring appellant to TDCJ. The trial court heard conflicting evidence on the factors it could consider under section 54.-11(j). Appellant had problems with authority, had previously not followed court orders, and was self-centered and not concerned about others. The evidence also showed that appellant did not have significant discipline problems at the TYC. The TYC administrator and state psychologist recommended the trial court release him to the SECOR program. His volunteer mentors testified it was in his best interest to release him to SECOR.

The trial court heard evidence about the nature of the underlying offenses and the impact on the victim resulting from the offenses. Two witnesses testified that the trial court would not serve the public by releasing appellant. After a review of the entire record, we conclude the trial court did not abuse its discretion in transferring appellant to TDCJ. We overrule appellant's points of error four, five, seven, and nine.

■ Appellant complains that the trial court erred by not following the TYC and the state psychologist's recommendation that the trial court release appellant to the SECOR program. Under section 54.11, the trial court does not have to follow the recommendations of state officials at TYC. Section 54.11 provides that the trial court may consider TYC's recommendations. The trial court recited in its order that it considered the testimony at the hearing. The testimony included TYC's recommendations. Because section 54.11 is permissive, the trial court does not abuse its discretion by not following the recommendations. We overrule appellant's point of error one.

■ Appellant also complains the trial court breached its duty to rehabilitate appellant. Under section 54.11, the trial court has no duty to rehabilitate the appellant. The trial court determines only whether to transfer appellant to TDCJ, release him under

supervision, discharge him, or recommit him to TYC. Tex.Fam.Code Ann. § 54.11(i) (Vernon Supp.1994). The trial court did not abuse its discretion or breach a duty to rehabilitate appellant. We overrule appellant's point of error two.

■ Finally, appellant contends the State violated his rights to due process and equal protection under the United States Constitution and the Texas Constitution. Appellant did not raise these constitutional complaints in the trial court. Appellant did not object that the State's reference to the underlying offense as capital murder instead of attempted capital murder violated his due process or equal protection rights. In his motion for new trial, appellant complains of the State's reference to a capital murder. However, he does not assert that the State violated his due process or equal protection rights by this action.

Appellant waived any complaint on appeal by failing to present the trial court with a timely objection stating the reasons for his desired ruling. Tex.R.App.P. 52(a). We also note that appellant did not properly separate his state and federal constitutional arguments. *See Heitman,* 815 S.W.2d at 690–91 n. 23. We overrule appellant's points of error ten and eleven.

We affirm the trial court's judgment.