971 S.W.2d 606 (1998)
In the Matter of T.D.H.
No. 05-96-01033-CV.
Court of Appeals of Texas, Dallas.
March 31, 1998.
*607 Larry D. Rayford, Dallas, Appellant.
April E. Smith, Assistant District Attorney, Dallas, for Appellee.
Before KINKEADE, OVARD and CHAPMAN, JJ.

*608 OPINION
CHAPMAN, Justice.
This is an appeal from the trial court's order transferring appellant to the Institutional Division of the Texas Department of Criminal Justice (TDCJ). In six points of error, appellant generally contends: (1) the Texas determinate sentencing law is unconstitutional, and (2) the trial court abused its discretion in transferring him to TDCJ. We affirm.

Factual and Procedural Background
The State filed a petition alleging appellant had engaged in delinquent conduct. Specifically, the petition alleged that on June 22, 1993, appellant intentionally or knowingly caused the death of Ricky Sandifer by shooting him with a firearm while in the course of committing robbery. Thus, the State alleged the penal offense of capital murder. See Tex. Penal Code Ann. §§ 19.02(b)(1), 19.03(a)(2) (Vernon 1994). The grand jury approved the State's petition finding there was probable cause to believe that appellant engaged in delinquent conduct by committing the offense of capital murder. The grand jury certified the petition to the juvenile court.
Thereafter, a jury found appellant had engaged in delinquent conduct as alleged in the petition. The trial court assessed a forty-year determinate sentence at the Texas Youth Commission (TYC) with a possible transfer to TDCJ.
Before appellant's eighteenth birthday, the trial court held a release hearing to determine whether appellant would be released, returned to TYC until his twenty-first birthday, or transferred to TDCJ to complete the remainder of his sentence. The trial court transferred appellant to TDCJ. This appeal followed.

CONSTITUTIONALITY OF DETERMINATE SENTENCING LAW
Appellant raises five points of error challenging the constitutionality of the determinate sentencing law and his transfer to TDCJ. Appellant argues his constitutional complaints together. We will address appellant's points as presented in his brief.

Imprisonment Without Indictment
Appellant first maintains that the determinate sentencing statute is unconstitutional because it permits a juvenile to be imprisoned without a grand jury indictment. Appellant's complaint has been rejected by several of our sister courts. See In re J.G., 905 S.W.2d 676, 680 (Tex.App.Texarkana), writ denied per curiam, 916 S.W.2d 949 (Tex. 1995); In re D.S., 833 S.W.2d 250, 252-53 (Tex.App.Corpus Christi 1992, writ denied); In re R.L.H., 771 S.W.2d 697, 699-700 (Tex.App.Austin 1989, writ denied). For the reasons set forth below, we agree with those courts and conclude appellant has not been imprisoned without the constitutional requirement of an indictment.
We begin by noting that an act of the legislature is presumed to be constitutional and it is appellant's burden to show that it is unconstitutional. Texas Public Bldg. Auth. v. Mattox, 686 S.W.2d 924, 927 (Tex.1985). Article I, section 10 of the Texas Constitution provides that no person shall be held to answer for a criminal offense, unless on an indictment of a grand jury. TEX. CONST. art. I, § 10. The constitution defines an indictment as a written instrument presented to a court by a grand jury which charges a person with the commission of an offense. TEX. CONST. art. V, § 12(b). The constitution authorizes the legislature to determine the "practice and procedures relating to the use of indictments ..., including their contents, amendment, sufficiency, and requisites...." Tex. Const. art. V, § 12(b); see R.L.H., 771 S.W.2d at 699.
When a juvenile is alleged to have engaged in delinquent conduct, the proceedings against the juvenile are initiated by a petition, not an indictment. See In re S.C., 790 S.W.2d 766, 772 (Tex.App.Austin 1990, writ denied). To invoke the determinate sentencing provisions of the family code, the petition must allege the juvenile violated one of six serious offenses defined in the penal code. See Act of May 24, 1991, 72d Leg., R.S., ch. 574, §§ 1, 2, 1991 Tex. Gen. Laws 2053, 2053 (amended 1995, 1997) (current *609 version at Tex. Fam.Code Ann. §§ 53.045(a), 54.04(d)(3) (Vernon 1996 & Supp.1997)). The grand jury must approve the petition and certify it to the juvenile court. See TEX. FAM.CODE ANN. § 53.045(b) (Vernon 1996). The petition, therefore, satisfies the constitutional definition of an indictment. See TEX. CONST. art. V, § 12(b).
The family code further provides that the approval process and certification to the juvenile court is done in the same manner as an indictment. Tex. Fam.Code Ann. § 53.045(b) (Vernon 1996). In determining whether to approve an indictment, the grand jury retains all of its investigative powers. See Tex. Fam.Code Ann. § 53.045(c) (Vernon 1996). Finally, the family code provides that the petition approved by the grand jury is an indictment for the purpose of transferring the juvenile to prison. Tex. Fam.Code Ann. § 53.045(d) (Vernon 1996). By enacting section 53.045 of the family code, the legislature has made a petition approved by the grand jury and certified to the juvenile court the functional equivalent of an indictment for constitutional purposes. See J.G., 905 S.W.2d at 680; D.S., 833 S.W.2d at 252-53; S.C., 790 S.W.2d at 772; In re J.T.H., 779 S.W.2d 954, 956 (Tex.App.Austin 1989, no writ); R.L.H., 771 S.W.2d at 699-700. We, therefore, conclude the petition alleging appellant engaged in delinquent conduct by committing capital murder, which was approved by the grand jury and certified to the juvenile court, satisfies the constitutional requirement of an indictment. See J.G., 905 S.W.2d at 680; D.S., 833 S.W.2d at 252; S.C., 790 S.W.2d at 772; J.T.H., 779 S.W.2d at 956; R.L.H., 771 S.W.2d at 699-700.
Appellant next asserts that his imprisonment without an indictment violates the equal protection and due course of law provisions of the Texas Constitution. Tex. Const. art. I, §§ 3, 19. He asserts that he was denied the same protections provided to adults because he was not formally "indicted" by a grand jury. We have concluded that a petition approved by the grand jury and certified to the juvenile court satisfies the constitutional requirement of an indictment. Appellant has not directed us to any specific protections enjoyed by adult criminal defendants with respect to the indictment process that he was not afforded in the grand jury approval process. Appellant has not shown he was denied equal protection or due course of law.

Double Jeopardy
Appellant further asserts that the determinate sentencing law violates the double jeopardy clauses of the Texas and United States Constitutions. Specifically, he maintains that he was punished when he was assessed a forty-year sentence and sent to TYC and again when he was transferred to TDCJ to complete the forty-year sentence.
At the time of the release hearing, appellant had already been assessed a forty-year sentence. Although the State was permitted to introduce new evidence at the transfer hearing, the purpose of that hearing was to give appellant another chance to avoid prison. See In re D.S., 921 S.W.2d 383, 387 (Tex.App.Corpus Christi 1996, writ dism'd w.o.j.). When appellant was transferred to TDCJ, he was not punished again for his offense, but rather, was required to serve the remainder of the sentence originally assessed. Therefore, the trial court's order transferring appellant to TDCJ to serve the remainder of his sentence does not violate double jeopardy. D.S., 921 S.W.2d at 387; see also J.G., 905 S.W.2d at 682.

Separation of Powers
Finally, appellant asserts that the determinate sentencing law violates the separation of powers doctrine by delegating the executive function of commutation of sentences to the judiciary. Appellant asserts that by allowing a trial court to determine whether a juvenile should be discharged following his eighteenth birthday, the statute gives the trial court the power to commute a sentencea power constitutionally reserved to the executive branch of government. See TEX. CONST. arts. II, § 1, IV, § 11.
In J.G., the Texarkana Court of Appeals refused to consider a similar argument, concluding that a juvenile who is transferred to TDCJ cannot complain that the determinate sentencing law gives the judiciary the power *610 to commute sentences. See J.G., 905 S.W.2d at 682. For the following reasons, we agree with the Texarkana court.
Following the release hearing required by section 54.11 of the family code, the trial court has the authority to: (1) recommit the juvenile to TYC without a determinate sentence, (2) transfer the juvenile to TDCJ, or (3) discharge the juvenile. See Act of May 27, 1991, 72d Leg., R.S., ch. 574, § 3, 1991 Tex. Gen. Laws 2053, 2053-54 (amended 1995) (current version at Tex. Fam.Code Ann. § 54.11(i) (Vernon 1996)). If the juvenile is transferred to TDCJ, as occurred in this case, he comes under the authority of the Board of Pardons and Paroles. See J.G., 905 S.W.2d at 682. Only if the trial court orders the juvenile discharged could the trial court arguably be exercising an executive function. See id. Appellant cannot complain that the trial court might have exercised a power which it had no authority to exercise. See id.
For the foregoing reasons, we conclude appellant has not shown that the determinate sentencing law is unconstitutional. Consequently, we overrule appellant's first five points of error.

Discretionary Transfer
In his sixth point of error, appellant contends the trial court abused its discretion in transferring him to TDCJ following his release hearing instead of recommitting him to TYC. When a juvenile is sentenced under the determinate sentencing law, the trial court is required to hold a release hearing at least thirty days prior to the juvenile's eighteenth birthday to determine whether to discharge the juvenile, transfer him to TDCJ, or remand him to TYC without a determinate sentence. Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 13, 1987 Tex. Gen. Laws 1891, 1896-97 (amended 1995); Act of May 27, 1991, 72d Leg., R.S., ch. 574, § 3, 1991 Tex. Gen. Laws 2053, 2053-54 (amended 1995) (current version at Tex. Fam.Code Ann. § 54.11(h), (i) (Vernon 1996)).
At the release hearing, the trial court may consider written reports from probation officers, professional court employees, or professional consultants in addition to the testimony of witnesses. Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 13, 1987 Tex. Gen. Laws 1891, 1896-97 (amended 1991, 1995) (current version at Tex. Fam.Code Ann. § 54.11(d)(Vernon 1996)). In making its decision, the trial court may consider (1) the experiences and character of the person before and after commitment to TYC, (2) the nature of the penal offense and the manner in which it was committed, (3) the abilities of the person to contribute to society, (4) the protection of the victim of the offense or any member of the victim's family, (5) the recommendation of TYC and the prosecuting attorney, (6) the best interests of the person, and (7) any other fact relevant to the issue to be decided. Act of May 27, 1987, 70th Leg., R.S., ch. 385, § 13, 1987 Tex. Gen. Laws 1891, 1896-97 (amended 1991, 1995) (current version at Tex. Fam.Code Ann. § 54.11(k) (Vernon 1996)).
We review the trial court's decision made pursuant to 54.11 under an abuse of discretion standard. K.L.M. v. State, 881 S.W.2d 80, 84 (Tex.App.Dallas 1994, no writ); J.R.W. v. State, 879 S.W.2d 254, 257 (Tex.App.Dallas 1994, no writ). In deciding whether the trial court abused its discretion, we review the entire record to determine if the trial court acted without reference to any guiding rules and principals. K.L.M., 881 S.W.2d at 84; J.R.W., 879 S.W.2d at 257. If some evidence supports the trial court's decision, there is no abuse of discretion. K.L.M., 881 S.W.2d at 84; J.R.W., 879 S.W.2d at 257. We do not substitute our decision for that of the trial court. K.L.M., 881 S.W.2d at 84. We reverse the trial court's decision only if the trial court acted in an unreasonable or arbitrary manner. K.L.M., 881 S.W.2d at 84; J.R.W., 879 S.W.2d at 257. We may not reverse for an abuse of discretion as long as the trial court's decision was within its discretionary authority. K.L.M., 881 S.W.2d at 84; J.R.W., 879 S.W.2d at 257.
At the release hearing, the State offered TYC's written recommendation that appellant should be transferred to TDCJ. The recommendation showed that appellant had behavioral problems while at TYC. He was involved in twenty-seven instances of *611 misconduct, three of which involved assault on a student. The psychologist that examined appellant indicated that appellant had failed to internalize true empathy for others and had failed to gain insight into the "causes and dynamics" of his previous criminal behavior. He stated that appellant did not appear genuinely remorseful for his crime. The psychologist further opined that appellant would be likely to re-offend and would pose a threat to the community if not in a highly controlled environment. Although appellant did make improvements while at TYC, the psychologist suggested these improvements could have been caused by appellant's desire to avoid being transferred to TDCJ.
Linda Sandifer, the mother of the murder victim, testified that appellant murdered her son when her son was twenty-eight years old. She testified that the murder had a devastating impact on herself and her grandson, the murder victim's nine-year-old son. Sandifer noted that appellant shot and killed her son during a robbery even though her son complied with all of appellant's demands. According to Sandifer, justice would not be served if appellant was allowed to remain at TYC instead of being sent to TDCJ.
Appellant's grandmother then testified and asked the court to allow appellant to stay at TYC. She said she would like appellant to remain in the juvenile justice system so he could receive more therapy. She believed appellant should be able to participate in a program offered by TYC for capital offenders in which TYC has not allowed appellant to participate.
After reviewing the record, we cannot conclude the trial court abused its discretion in transferring appellant to TDCJ. The record shows appellant committed capital murder, the most serious of crimes. Appellant has not shown genuine remorse for this crime. Appellant has been disruptive and violent while at TYC. TYC and the prosecutor both recommended appellant be transferred to TDCJ. The victim's mother indicated that justice required appellant be transferred to TDCJ. We conclude the record supports the trial court's decision to transfer appellant to TDCJ. Consequently, we find no abuse of discretion. We overrule appellant's sixth point of error and affirm the trial court's order.