217 S.W.3d 741 (2007)
In the Matter of D.T., a Juvenile.
No. 05-06-00923-CV.
Court of Appeals of Texas, Dallas.
March 20, 2007.
*742 April E. Smith, Mesquite, for appellant.
William T. (Bill) Hill, Jr., Criminal District Attorney, Lori L. Ordiway, Assistant District Attorney for Dallas County, Chief of the Appellate Division, Christine Womble, Assistant District Attorney, Dallas, for state.
Before Justices WRIGHT, BRIDGES, and MAZZANT.

OPINION
Opinion by Justice WRIGHT.
D.T. appeals the order transferring him from the Texas Youth Commission (TYC) to the Texas Department of Criminal Justice (TDCJ) to serve the remainder of his sentence. In two issues, appellant contends: (1) the trial court abused its discretion by ordering him transferred; and (2) the transfer order should be modified to correct the date he was adjudicated delinquent. As modified, we affirm the trial court's order.
On January 23, 2001, the trial court adjudicated appellant a child engaged in delinquent conduct for committing aggravated sexual assault. The trial court committed appellant, who was fourteen-years-old, to TYC for a determinate sentence of thirty years, with possible transfer to TDCJ. Subsequently, TYC requested that appellant be transferred to TDCJ to complete his sentence. After a hearing, the trial court ordered appellant to be transferred.
In his first issue, appellant contends the trial court abused its discretion by ordering him transferred to TDCJ because he (1) achieved academic goals, (2) participated in vocational training, (3) successfully completed sex offender treatment program, the coping skills group and two victim impact panels, (4) participated in sports, (5) completed his community service, and (6) was selected student of the month. According to appellant, TYC sought his transfer to TDCJ only because of his infractions while on parole. After reviewing the record, we cannot agree.
*743 We review the trial court's decision under an abuse of discretion standard. In re T.D.H., 971 S.W.2d 606, 610 (Tex.App.-Dallas 1998, no pet.). When deciding this issue, we review the entire record to determine if the trial court acted without reference to any guiding rules or principles. Id. If some evidence supports the trial court's decision, there is no abuse of discretion. Id. We do not substitute our discretion, and reverse only if the trial court acted in an unreasonable or arbitrary manner. Id.
In making its decision, the trial court may consider: (1) the experiences and character of the person before and after commitment to TYC; (2) the nature of the penal offense and the manner in which the offense was committed; (3) the abilities of the person to contribute to society; (4) the protection of the victim of the offense or any member of the victim's family; (5) the recommendations of TYC and the prosecuting attorney; and (6) the best interests of the juvenile and any other relevant factors. See TEX. FAM.CODE ANN. § 54.11(k) (Vernon Supp.2006); In re R.G., 994 S.W.2d 309, 312 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Evidence of each factor is not required, and the trial court need not consider every factor. In re R.G., 994 S.W.2d at 312. Further, the trial court may assign different weights to the factors it considers, and it may consider unlisted but relevant factors. Id.
Here, the record shows that appellant was committed to TYC after he threatened a seven-year-old boy with a gun and penetrated his anus. During therapy at TYC, appellant explained that he chose the boy because the boy had been sexually assaulted previously and appellant believed the boy would not tell, or if he did tell, he would not be believed. Appellant also admitted that he had done the same type of sexual acts to another six-year-old boy.
Leonard Cucolo, the court liaison for TYC, testified appellant was paroled from TYC, but violated the terms of that parole by failing to attend school and by having a sexual relationship with A.R., a fifteen-year-old girl. Appellant was coming into A.R.'s bedroom through the window without her parents' knowledge. After her parents bolted A.R.'s window, appellant began coming into the house through A.R.'s brother's window. Later, A.R.'s mother discovered appellant in A.R.'s bedroom. Her mother got a telephone and called the police. A.R. knocked the telephone from her mother's hand and then ran away with appellant for several hours. When A.R. returned home, her parents allowed her to talk on the telephone with appellant in an attempt to keep her from running away. However, when she returned to school the following Monday, A.R. left with appellant for several days. Thereafter, appellant's parole was revoked for absconding.
When appellant returned to TYC, he continued to contact A.R. by "manipulating other kids into sending [her] mail." Appellant refused to recognize this behavior as part of his offense cycle, and, according to Cucolo, this failure places him at a high risk to reoffend sexually. Further, in Cucolo's opinion, appellant's actions while on parole demonstrated that he is a risk to the community and that he is likely to reoffend.
Chris Wilson, a licensed professional counselor at TYC, testified she performed a psychological evaluation of appellant. According to Wilson, appellant was not helpful and lied to her about his relationship with A.R. In Wilson's opinion, appellant has not shown he is able to control his behavior while on parole because he "has a behavior script that applies . . . to his sexual *744 relationships. . . . even [after] having gone through specific treatment." She considered him at a high risk to reoffend because (1) appellant had "numerous sexual assaults primarily with an age discrepancy of more than five years," (2) used a weapon in one of the offenses, (3) his initial victims were male, (4) he has been unsuccessful after treatment, and (5) he has an extensive criminal history for things for which "he was not caught," including gang affiliation, drug use and sales, robbery, and physically assaultive behavior.
Although the record shows appellant was behaviorally compliant while in TYC, has achieved academically, has completed sex offender therapy, and his case manager and two teachers disagreed with the recommendation to transfer appellant, we cannot conclude the trial court abused its discretion by ordering appellant transferred to TDCJ. Cucolo's and Wilson's testimony about appellant's conduct while on parole and about his high risk for reoffending, along with the TYC's recommendation for transfer, constitute evidence supportive of the trial court's decision. After considering the relevant factors, we cannot conclude the trial court abused its discretion by ordering appellant transferred to TDJC. We overrule appellant's first issue.
In his second issue, appellant contends the transfer order should be modified to correct the date he was adjudicated to be a child engaged in delinquent conduct. The order to transfer incorrectly recites that appellant was found to be a child engaged in delinquent conduct and assessed a determinate sentence on October 14, 2000. We modify the trial court's order to show that appellant was adjudicated and assessed a determinate sentence on January 23, 2001. See Tex.R.App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27-28 (Tex. Crim.App.1993); Asberry v. State, 813 S.W.2d 526, 529-30 (Tex.App.-Dallas 1991, pet. ref'd).
As modified, we affirm the trial court's order.