**In the Matter of K.Y., a child.**

**No. 05–10–01305–CV.**

Court of Appeals of Texas, Dallas.

March 21, 2012.

Melissa H. Read, Assistant Public Defender, Dallas, TX, April E. Smith, Mesquite, TX, for Appellant.

Craig Watkins Dallas County District Attorney, Michael R. Casillas, Assistant District Attorney—Chief Prosecutor, Dallas, TX, for Appellee.

Before Justices MORRIS, FILLMORE, and MYERS.

### OPINION

Opinion By Justice MORRIS.

In July 2005, the trial court found that appellant, then fourteen years old, had engaged in delinquent conduct by committing murder and committed her to the Texas Youth Commission for a determinate sentence of twenty years. The youth

commission, several years later, requested appellant be transferred to the Texas Department of Criminal Justice to complete her sentence. After a hearing, the trial court ordered appellant transferred. In this appeal, K.Y. contends the trial court abused its discretion by ordering her transferred from the youth commission to the TDCJ. Because we conclude that the trial court acted within its discretionary authority, we affirm the transfer order.

■ We review the trial court's decision to transfer appellant from the youth commission to TDCJ for an abuse of discretion. *In re D.T.*, 217 S.W.3d 741, 743 (Tex.App.-Dallas 2007, no pet.). If we find some evidence in the record that supports the trial court's decision, there is no abuse of discretion and we will affirm the trial court's order. *Id.*

■ When evaluating the evidence and deciding whether to transfer an individual to TDCJ, the trial court may consider: (1) the experiences and character of the person before and after commitment to the youth commission; (2) the nature of the penal offense and the manner in which the offense was committed; (3) the abilities of the person to contribute to society; (4) the protection of the victim of the offense or any member of the victim's family; (5) the recommendations of the youth commission and the prosecuting attorney; (6) the best interests of the person; and (7) any other relevant factor. *See* TEX. FAM.CODE ANN. § 54.11(k) (West Supp.2011). The trial court need not consider every factor, however, and may weigh differently the factors it does consider. *In re R.G.*, 994 S.W.2d 309, 312 (Tex.App.-Houston [1st Dist.] 1999, pet. denied).

■ At the transfer hearing, Tomi Miranda, appellant's program specialist at the youth commission, testified that appellant had completed the high treatment level in the commission's Connections Program but currently had a very low privilege level because of behavior problems. She noted that appellant had problems with authority and interpersonal relationships with her peers. Appellant personalized things, overreacted, and tended to blow things out of proportion. Miranda testified that appellant was at a high risk to reoffend if paroled. Appellant's most recent major rule violation occurred just a few weeks before the transfer hearing when appellant got into an argument with a peer over the television, which ultimately resulted in damage to it and other electronic equipment.

Leonard Cucolo, the court liaison for the youth commission, testified that in the five years she had been at the youth commission, appellant's behavior had been extremely poor. She had 472 incidents of misconduct and had been placed "in security" on 200 occasions. Cucolo stated that, although the majority of appellant's incidents occurred during her first three years of confinement, the number of major rule violations during the last two years remained the same as her first three years. He noted that appellant was making it difficult not just for herself but for the rehabilitation of other inmates of the youth commission. Appellant threatened peers and staff. Cucolo also stated that, although appellant had completed some very important programs, she had not internalized the material in a way that would reduce her behavioral problems or make her more compliant. He considered appellant a public safety risk. Although appellant was eligible for release earlier based on the time she had served on her sentence, she was still very aggressive. Cucolo opined that it was unlikely that things would change. He further indicated that the youth commission had no additional programs that would benefit appellant.

Although her behavior improved for a while, appellant lost her privileges in March 2010 and, in the two months before the hearing, her behavior had become more negative. Cucolo admitted that appellant had done very well academically and had been diagnosed with bi-polar disorder. Cucolo also noted that appellant was receiving treatment for her mental health issues. He was of the opinion that the majority of appellant's behavior was volitional rather than the direct result of mental health issues.

Appellant also testified at the transfer hearing. She stated that if she were allowed to stay at the youth commission, she would request placement in the Aggression Replacement Therapy group and she would be compliant with her medication. She admitted that she needed help for her aggression. She suggested that some of her behavior problems were related to her medication. She said that if she were returned to the youth commission, she would stop the negative behavior and would take the opportunity very seriously.

The record reveals that appellant was committed to the youth commission for a determinative sentence of twenty years for the offense of murder. Although there was evidence of appellant's significant academic achievements, completion of the Capital Offender Program, a decline of appellant's incidents of misconduct during her last two years at the youth commission, and a bi-polar diagnosis for which she was being treated, there was other evidence that her incidents of serious misconduct had remained the same and that her behavior was largely volitional. Along with the youth commission's recommendation for transfer, there was evidence that appellant had not internalized what she had learned in the various programs to affect positive changes in her behavior. There was also evidence of serious miscon-

duct on the part of appellant just weeks before the transfer hearing that resulted in damage to personal property. Witnesses testified that it was unlikely appellant's behavior would improve if she remained at the youth commission and that she was at a high risk to reoffend if paroled. Considering this and other evidence in the record, we conclude there is evidence supporting the trial court's decision. The trial court did not abuse its discretion in ordering appellant's transfer. *See In re D.T.,* 217 S.W.3d at 744. We resolve appellant's sole issue against her.

We affirm the trial court's order.