AFFIRM; Opinion Filed November 7, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01469-CV

## IN THE MATTER OF
## A.C., A CHILD

### On Appeal from the 305th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. JD-67977-X

# MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Lang

A.C. appeals the trial court's order transferring her from the Texas Youth Commission (TYC)

to the Texas Department of Criminal Justice (TDCJ) to complete the remainder of her determinate

five-year sentence. In her sole issue, A.C. contends the trial judge abused her discretion in ordering

A.C. transferred to the TDCJ. We issue this memorandum opinion pursuant to Texas Rule of

Appellate Procedure 47.4 because the issues are settled. *See* TEX. R. APP. P. 47.4. We affirm the trial

court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 2009, the trial court declared A.C. was a child engaged in delinquent

conduct for committing aggravated robbery with two adult accomplices. The trial court ordered A.C.,

who was seventeen years old at the time, committed to the TYC for a determinate sentence of five

years, with possible transfer to the TDCJ. However, the sentence was probated and A.C. was transferred to the Rockdale Regional Juvenile Justice Center. On August 6, 2010, the trial court found A.C. violated the conditions of her probation by failing to obey all the rules of placement and sentenced A.C. to the TYC. On September 23, 2011, the trial court conducted a release or transfer hearing pursuant to section 54.11 of the family code. *See* TEX. FAM. CODE ANN. § 54.11 (West 2012). Evidence presented at the hearing included the TYC's summary report of A.C.'s progress and the testimony of a representative for the TYC, the complainant in A.C.'s offense, A.C.'s grandmother, and A.C. On September 26, 2011, the trial court ordered the transfer of A.C. to the TDCJ to complete the remainder of her determinate sentence.

In her sole issue on appeal, A.C. contends that the trial court abused its discretion by rendering the transfer order. A.C. argues she made progress prior to the release/transfer hearing, which indicated a release onto parole was the proper result in this case. Specifically, she identified as "progress," the credits she obtained toward her high school diploma, her attempt to pass the GED test, and her completion of the Capital Offender Program and several other programs while at the TYC.

The State responds "[w]hen the factual record is reviewed in its entirety, it cannot fairly be said that the trial court's transfer decision was made without reference to any guiding rules or principles because the record—*at the very least*—contains some evidence which supports the trial court's decision." (emphasis in original). The State contends the trial court's order is supported by the record that includes testimony of the victim of A.C.'s offense as to "the violence that [she] had suffered as a result of the conduct of [A.C.] and her cohorts;" testimony of the TYC representative regarding A.C.'s misconduct and likelihood to commit new offenses; and A.C.'s "own testimonial demeanor."

## II. STANDARD OF REVIEW

"We review the trial judge's decision to transfer a juvenile from the TYC to the TDCJ under an abuse of discretion standard." *In re J.L.C.*, 160 S.W.3d 312, 313 (Tex. App.–Dallas 2005, no pet.) (citing *In re T.D.H.*, 971 S.W.2d 606, 610 (Tex. App.–Dallas 1998, no pet.); *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex. App.–Dallas 1994, no writ)). "In deciding whether the trial judge abused his discretion, we review the entire record to determine if the judge acted without reference to any guiding rules or principles." *Id.* (citing *In re T.D.H.*, 971 S.W.2d at 610). "If some evidence supports the trial judge's decision, there is no abuse of discretion." *Id.* (citing *In re T.D.H.*, 971 S.W.2d at 610). "We do not substitute our decision for that of the trial judge and reverse only if the judge acted in an unreasonable or arbitrary manner. *Id.* (citing *In re T.D.H.*, 971 S.W.2d at 610). "An abuse of discretion does not exist if the trial court bases its decision on conflicting evidence and some evidence supports the trial court's decision." *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex. App.–Dallas 1994, no writ) (citing *Exec. Tele-Commc'n Syss. Inc. v. Buchbaum*, 669 S.W.2d 400, 403 (Tex. App.–Dallas 1984, no writ)). "The party claiming abuse of discretion has the burden on appeal to show the abuse of discretion. *Id.* (citing *Clade v. Larsen*, 838 S.W.2d 277, 280 (Tex. App.–Dallas 1992, writ denied)).

## III. APPLICABLE LAW

"When a juvenile is given a determinate sentence and TYC makes a request to transfer the juvenile to TDCJ, the trial court is required to hold a hearing." *In re J.A.R.*, 343 S.W.3d 504, 505 (Tex. App.–El Paso 2011, no pet.) (citing TEX. FAM. CODE ANN. § 54.11). "At a [release] hearing . . . the court may consider written reports from probation officers, professional court employees, professional consultants, or employees of the Texas Youth Commission, in addition to the testimony of witnesses." TEX. FAM. CODE ANN. § 54.11(d). "At the hearing on a request to transfer a juvenile

–3–

to the TDCJ, the judge may consider: (i) the experiences and character of the person before and after commitment to the TYC; (ii) the nature of the penal offense that the person was found to have committed; (iii) the abilities of the juvenile to contribute to society; (iv) the protection of the victim of the offense or any member of the victim's family; (v) the recommendations of the TYC and the prosecuting attorney; and (vi) the best interests of the juvenile and any other relevant factors." *In re J.L.C.*, 160 S.W.3d at 313 (citing TEX. FAM. CODE ANN. § 54.11(k) (West 2012); *In re R.G.*, 994 S.W.2d 309, 312 (Tex. App.–Houston [1st Dist.] 1999, pet. denied)). "Evidence of each factor is not required, and the trial judge need not consider every factor in making his decision." *Id.* at 313-14 (citing *In re R.G.*, 994 S.W.2d at 312). "Further, the trial court may assign different weights to the factors it considers, and it may consider unlisted but relevant factors." *In re D.T.*, 217 S.W.3d 741, 743 (Tex. App.–Dallas 2007, no pet.) (citing *In re R.G.*, 994 S.W.2d at 312).

## IV. EVIDENCE

At the release/transfer hearing, Leonard Cucolo, Court Liaison for the TYC, agreed with the following characterization by the prosecutor of A.C.'s behavior: "despite periods of improvement or periods of good behavior, she's never sustained good behavior throughout . . . never shown consistent improvement throughout." In 13 months at the TYC, A.C. had 36 incidents of misconduct, three of which involved assaultive behavior, was admitted to the security section 19 times, and participated in a major disruption. After the TYC conducted a review hearing in July 2011, A.C. continued to act defiantly against the rules, was disruptive and argumentative with staff, and "demonstrated suicidal behaviors." Cucolo confirmed A.C. completed most of the programs she participated in at the TYC, including behavioral improvement, alcohol and drug, and capital and serious violent offenders treatments programs. The psychological evaluation in the TYC summary

report noted A.C. "maintain[ed] primarily positive behavior and continu[ed] to make satisfactory progress in her individual and group programs."

Cucolo said that A.C. had not performed well academically. For some time she refused to take the GED examination, but finally did so a week before the release/transfer hearing before the trial court. Also, A.C. earned approximately ten credits towards her high school diploma. Cucolo stated if it were not for A.C.'s imminent nineteenth birthday, the TYC would be willing to continue to work with A.C. However, Cucolo said he believed A.C. did not take seriously her commitment, her treatment, or her behavior needs or expectations. Although the treatment team that evaluated A.C. at the TYC was divided on whether A.C. was "suitable for release" or transfer, the executive director at the TYC made the ultimate recommendation to transfer A.C. to the TDCJ. Cucolo said he believed A.C. presented a risk to reoffend and that her transfer to the TDCJ was "in the best interest and the safety of the community."

The complainant in A.C.'s aggravated robbery offense, Crystal Ortiz, testified regarding the "nature of the penal offense that [A.C.] was found to have committed." *See* TEX. FAM. CODE ANN. § 54.11(k). Ortiz explained she was walking to her car when A.C. and her two accomplices assaulted her. She described being punched and kicked, but held onto her car, lost consciousness, and was dragged along with the car. Her injuries included sores on her stomach, headache, and a swollen face, and for two to three months after the assault, Ortiz had difficulty walking and required assistance to take showers. Because she did not feel safe alone or in crowds for six months, she left the college she was attending in Dallas and moved back to her home in McAllen. Although Ortiz admitted she did not know what conditions of parole might be placed on A.C., she felt A.C. should not be paroled and should remain in prison.

A.C.'s grandmother Princella Pruitt testified A.C. could live with her if released on parole. A.C. lived with Pruitt in the past as a child, including the period when A.C. served juvenile probation for committing a class A assault against another girl. Pruitt stated she participated in conferences about A.C.'s progress at the TYC and was under the impression the TYC's recommendation would be to release A.C. It was Pruitt's suggestion that A.C. participate in behavioral counseling and take medication for her bipolar disorder. Pruitt indicated A.C. was suspended from school for having a "smart mouth," but also said that behavior could have been due to lack of medication. Pruitt believed A.C. was ready to be released to the community, to follow the rules, and to obey the law.

A.C. testified she wanted to be released on parole to live with her grandmother, to return to high school, and to become an adoption counselor. She said the programs she participated in at the TYC taught her to control her behavior. According to A.C., her behavior problems at the TYC were due to her "playing too much" or "not following instructions." She admitted to making "gun signals to staff members" at the TYC, but not to threatening or being defiant or argumentative. During cross-examination, A.C. stated "she would prefer not to" . . . "show what the gun signal is," a response the State contends demonstrates her "defiant nature" and her continued failure to take her responsibilities seriously or to benefit from the programs she completed at the TYC. The trial judge denied the prosecutor's request to instruct A.C. to "make the gun signals."

## V. APPLICATION OF LAW TO FACTS

The record shows that A.C. committed a Class A assault and aggravated robbery prior to her commitment at the TYC. She admitted she continued to have behavioral problems at the TYC. Ortiz's testimony explained the nature of the offense. The TYC, the prosecutor, and Ortiz recommended against A.C.'s release.

The record also shows A.C. had remorse for her actions and she wrote a letter of apology to Ortiz. Further, A.C. did not commit any major rule violations in the eight months prior to the release/transfer hearing. Finally, A.C. and her grandmother testified regarding her plans to return to high school to obtain her diploma and to become an adoption counselor to help other children like herself.

## V. CONCLUSION

On this record, we conclude the trial court did not abuse its discretion by ordering appellant transferred to the TDJC. *See In re D.T.*, 217 S.W.3d at 744; *J.R.W.*, 879 S.W.2d at 257. A.C.'s sole point is decided against her. The trial court's order is affirmed.

DOUGLAS S. LANG
JUSTICE

111469F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN RE A.C., A CHILD

No. 05-11-01469-CV

Appeal from the **305th Judicial District Court** of Dallas County, Texas. (Tr.Ct.No. JD-67977-X).
Opinion delivered by Justice Lang, Justices Bridges and Richter participating.


In accordance with this Court's opinion of this date, the the trial court's order to transfer A.C. to the Texas Department of Criminal Justice is **AFFIRMED**.


Judgment entered November 7, 2012.


_____
DOUGLAS S. LANG
JUSTICE