ACCEPTED
15-25-00069-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/14/2025 3:16 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/14/2025 3:16:04 PM
CHRISTOPHER A. PRINE
Clerk

# NO. 15-25-00069-CV

# IN THE
# FIFTEENTH COURT OF APPEALS
# FOR THE STATE OF TEXAS

## IN THE MATTER OF P.P., A JUVENILE

APPEAL FROM CAUSE NUMBER 2022-65-J
FROM THE 474TH JUDICIAL DISTRICT OF MCLENNAN COUNTY, TEXAS
TRANSFERRED FROM TENTH COURT OF APPEALS

# BRIEF FOR APPELLANT

**LAW OFFICE OF STAN SCHWIEGER**
600 Austin Avenue, Suite 12
Waco, Texas 76701
(254) 752-5678
(254) 752-7792—Facsimile
wacocrimatty@yahoo.com
State Bar No. 17880500

# ORAL ARGUMENT CONDITIONALLY REQUESTED

# NAMES OF THE PARTIES TO THE FINAL JUDGMENT

**STATE OF TEXAS**
**Trial**
Mr. John Wiersgalla
Assistant District Attorney
McLennan County District Attorney's Office
219 North 6th Street
Waco, Texas 76701
(254) 757-5084
john.wiersgalla@mclennan.gov

**Appellate**
Mr. Sterling Harmon
McLennan County District Attorney's Office
219 N. 6th Street, Suite 200
Waco, Texas 76701
(254) 757-5084
sterling.harmon@mclennan.gov

**APPELLANT'S COUNSEL**
**Trial**
Mr. Sam Martinez
1105 Wooded Acres, Suite 200
Waco, Texas 76703
(254) 776-9700
smartinez35005@yahoo.com

**Appellate**
Mr. Stan Schwieger
Law Office of Stan Schwieger
600 Austin Ave., Suite 12
Waco, Texas 76701
(254) 752-5678
wacocrimatty@yahoo.com

## TRIAL COURT JUDGE

The Honorable Alan Bennett
474th District Court
2601 Gholson Road
Waco, Texas 76704
(254) 757-5075
lisa.blackmore@mclennan.gov

# TABLE OF CONTENTS

NAMES OF THE PARTIES TO THE FINAL JUDGMENT . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

REQUEST FOR ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . viii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ix

ISSUE PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . xii
      This Court must remand this matter for findings and conclusions to
      provide an adequate basis for review from this Court.

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE RESTATED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.     Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.     Appellant requests to know WHY his matter was transferred . . . . . . . 5

            1.     Transfer hearings are conducted under the Family Code. . . . . . 6

            2.     The evidentiary hearing . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

            3.     The formulaic application of "abuse of discretion" denies due
                 process of law to P.P . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

                 a.     Abuse of "guided" discretion. . . . . . . . . . . . . . . . . . . 15

                 b.     The abuse of discretion standard used by Texas courts is
                    ineffective in cases of "guided" discretion . . . . . . . . . . 19

PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

APPENDIX

# INDEX OF AUTHORITIES

## FEDERAL CASES

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Evitts v. Lucey*,
469 U.S. 387 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*S.C. Johnson & Sons, Inc. v. Carter-Wallace, Inc.*,
781 F.2d 198 (Fed. Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Traxler v. Multnomah County*,
596 F.3d 1007 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

*United States v. Salerno*,
481 U.S. 739 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Taylor*,
487 U.S. 326 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*In re Winship*,
397 U.S. 358 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATE CASES

*In re A.G.*,
No. 10-16-00268-CV, 2017 Tex. App. LEXIS 3447 (Tex. App.— Apr. 19, 2017, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Brooks v. Housing Authority of El Paso*,
926 S.W.2d 316 (Tex. App.—El Paso 1996, no writ) . . . . . . . . . . . . . . . . 14

*Charles v. State*,
No. 05-93-01812-CV, 1994 Tex. App. LEXIS 4024 (Tex. App.—Dallas Dec. 20, 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*J.R.W. v. State*,
879 S.W.2d 254 (Tex. App.—Dallas 1994, no writ) . . . . . . . . . . . . . . . . . . 6

*In re K.T.*,
No. 06-22-00003-CV, 2022 Tex. App. LEXIS 2661 (Tex. App.—Texarkana Apr. 25, 2022, no pet). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Larry F. Smith, Inc. v. The Weber Co., Inc.*,
110 S.W.3d 611 (Tex. App.—Dallas 2003, pet. denied) . . . . . . . . . . . . . . 14

*In Matter of M.C.*,
502 S.W.3d 852 (Tex. App.—Texarkana 2016, pet. denied.) . . . . . . . . . . . 13

*Moon v. State*,
451 S.W.3d 28 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . . . . . . 12, 13

## FEDERAL STATUTES

U.S. Const. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## STATE STATUTES

Tex. Fam. Code Ann. § 54.11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

Tex. Fam. Code Ann. § 56.01(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Tex. Hum. Res. Code Ann. § 244.014(b) (West 2015). . . . . . . . . . . . . . . . . . . 7

# MISCELLANEOUS

*The Honorable Henry J. Friendly, Feature: Indiscretion about Discretion,*
        31 Emory L.J. 747 (1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Robert Dawson,
        TEXAS JUVENILE LAW (7th ed. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# REQUEST FOR ORAL ARGUMENT

Appellant P.P. waives oral argument.

## STATEMENT OF THE CASE

This is an appeal taken from a transfer hearing from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice–Institutional Division. On May 26, 2022, the State filed its Petition for Determinate Sentencing, which alleged P.P. "engaged in delinquent conduct," that P.P. violated a "penal law the state punishable by imprisonment," specifically Aggravated Assault with a Deadly Weapon, violating the Texas Penal Code. (I C.R. at 7–8). The State moved and received grand jury certification. (I C.R. at 11–12). On June 29, 2022, the trial court delivered a sentence of 10 years confinement in the Texas Juvenile Justice Department, which was probated until the Respondent's 18th birthday. (I C.R. at 33).

The State then filed a "Motion Requesting a Hearing on the Transfer of Determinate Sentence to Texas Department of Criminal Justice" on February 25, 2025. (I C.R. at 84). TJJD sent notice to the trial court that "the recommendation of the Texas Juvenile Justice Department that P.P. be transferred to the Texas Department of Criminal Justice-Correctional Institutions Division to complete the remainder of his 10-year determinate sentence. (I C.R. at 99). On March 13, 2025, the trial court conducted transfer hearing pursuant to the Texas Family Code. TEX. FAM. CODE ANN. § 54.11. On that same date, the trial court signed an order that P.P. be transferred to TDCJ "to serve the remainder of his ten-year sentence pursuant" to the

Texas Family Code. (I C.R. at 105). Appellant timely filed notice of Appeal on March

20, 2025. (I C.R. at 107–08).

# ISSUE PRESENTED

The trial court entered an order without specific findings of fact or conclusions of law. Did the trial court's failure to provide an adequate factual and legal basis for its decision necessitate a remand for further findings and conclusions?.

# STATEMENT OF THE FACTS

This matter arises from a transfer hearing from the Texas Juvenile Justice Department (TJJD) to the Texas Department of Criminal Justice (TDCJ) concerning P.P. The juvenile court conducted the hearing on March 13, 2025. (1 R.R. at 1).

The State's sole witness was the TJJD court liaison. The liaison testified that P.P. was committed to TJJD on June 29, 2022, for a determinate sentence of ten years for Aggravated Assault with a Deadly Weapon. (1 R.R. at 7); (I C.R. at 33). P.P. was paroled from TJJD on June 10, 2024. (1 R.R. at 9). TJJD issued a directive to apprehend on January 16, 2025 for a parole violation, leading to his detention on January 28, 2025. (1 R.R. at 7). The core of this violation stemmed from the discovery of a pistol in his room. (1 R.R. at 7). Further concerning, the liaison noted that P.P. had also posted pictures on social media showing himself with a gun while on parole (1 R.R. at 7).

The TJJD court liaison acknowledged P.P.'s engagement in various programs during his time within the juvenile justice system. (1 R.R. at 10). Nevertheless, the TJJD's recommendation remained for P.P.'s transfer to the TDCJ. (1 R.R. at 7–8). The liaison stated she believed that P.P. posed a danger to the community, citing his ties within his family and the broader community. (1 R.R. at 8, 10, 12).

Offering an alternate view, P.P.'s former parole officer testified that P.P. had successfully followed all parole conditions leading up to the incident with the pistol (1 R.R. at 29–31). The parole officer also confirmed that P.P. had been actively attending school during his parole period. (1 R.R. at 31). After considering all the presented testimony, the trial court issued an order directing P.P.'s transfer to the Texas Department of Criminal Justice – Institutional Division, for the remainder of his ten-year determinate sentence. (1 R.R. at 35–36).

# SUMMARY OF THE ARGUMENT

Concisely, Appellant's argument can be condensed into the following statement: the trial court did not provide sufficient reasoning as to why it ordered the transfer of P.P. from TJJD to TDCJ. However, the mechanics of this statement are far more complicated. Abuse of discretion, the standard of review used to review this decision, is divisible into two subsets. The first is classified as a true discretionary decision by the trial court, and those decisions guided – "guided discretion" – by matters like statutory authority, as here.

True discretionary decisions in the trial court are virtually unreviewable under this standard. In those types of decisions, an appellate court has virtually no guidelines to demonstrate that the trial court erred in a truly discretionary decision. Therefore, reviewing courts allow these decisions to stand. However, in guided discretionary decisions, meaningful appellate review requires that the trial court set forth its reasoning for its decision. Without such a basis, an appellate court cannot determine whether the trial court exercised its discretion in a proper manner.

This is the case here. The trial court, did not explain the weight given to any of the factors nor did it explain any decisions of the credibility of any witness when conflicts arose as to the basis for transfer. Given that P.P. has a due process right to meaningful review of this decision, Appellant requests that this matter be remanded

back to the trial court to provide this Honorable Court its reasoning for the transfer to allow this court to review its decision in a proper manner.

**Issue Restated:**

The trial court entered an order without specific findings of fact or conclusions of law. Did the trial court's failure to provide an adequate factual and legal basis for its decision necessitate a remand for further findings and conclusions?

Deference to trial court judgments, governed by the abuse of discretion standardly act to free appellate courts from the duty of "reweighing evidence and reconsidering facts already weighed and considered by the district court. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990). This Court must know "to what we defer; when we are not certain of the district court's reasoning, or when we cannot discern whether the district court considered the relevant factors, we must remand." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1990).

This appeal challenges a juvenile transfer order issued without articulated findings or reasoning. Meaningful appellate review of such an order cannot occur unless the principles of "guided discretion" are applied. This requires the trial court to do more than merely "consider" statutory factors; it must "show its homework" by articulating its reasoning and how it ruled upon those factors—rather than allowing approval if merely one factor is "bumped into." Appellant P.P. asserts that the trial court's failure to provide this basis denies him meaningful appellate review, violating his due process rights. Because the record lacks the necessary specificity to ascertain whether the court properly applied the statutory factors governing transfer, this Honorable Court must remand this matter for findings and conclusions.

### A.     Standard of Review.

A trial judge's decision to transfer a juvenile from the TJJD to TDCJ is reviewed for abuse of discretion. *In re J.L.C.*, 160 S.W.3d 312, 313 (Tex. App.—Dallas 2005, no pet.). An abuse of discretion occurs when the trial court acts without reference to any guiding rules or principles, or in an arbitrary and unreasonable manner. *Id.* An abuse of discretion is not found if some evidence supports the trial court's decision, even if based on conflicting evidence. *J.R.W. v. State*, 879 S.W.2d 254, 257 (Tex. App.—Dallas 1994, no writ). An appellant bears the burden to show such abuse of discretion. *Id.*

### B.     The application of the traditional "abuse of discretion" standard denies due process.

The Family Code sets forth standards to determine whether a transfer of a person is proper. However, to divine which of the multiple standards the trial court relied upon cannot be determined from this record. As seen below, which of these factors the trial court relied upon and what weight was assigned to any factor has been left to the imagination of this Court. This denies P.P. meaningful appellate review and requires that this Court remand this matter for findings.

#### 1.     Transfer hearings are conducted under the Family Code.

Anytime after a TJJD resident becomes 16 years of age but before the child turns 18, TJJD may petition the committing juvenile court for authority to transfer the

youth to prison if "the child's conduct . . . indicates that the welfare of the community requires the transfer." TEX. HUM. RES. CODE ANN. § 244.014(b). A juvenile court conducts the hearing under the procedures specified by the Family Code. *See generally* TEX. FAM. CODE ANN. § 54.11. At the conclusion of the hearing, the juvenile court is limited to either returning the youth to TJJD without authority to transfer to prison or transferring the youth to prison for the balance of the determinate sentence. *Id.* at § (i). The purpose of this procedure is to enable TJJD to seek transfer to prison of youth who are not benefitting from TJJD institutional programs and, perhaps, are seeking to prevent others from benefitting. ROBERT DAWSON, TEXAS JUVENILE LAW 595 (7th ed. 2008).

In making a determination under this section, the juvenile court may consider the experiences and character of the person before and after commitment to the Texas Juvenile Justice Department or post-adjudication secure correctional facility, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the Texas Juvenile Justice Department, county

juvenile board, local juvenile probation department, and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.[1]

The trial court is not required to consider all the factors, the State is not required to present evidence of each factor, and the court is expressly allowed to consider unlisted but relevant factors. *In re C.L.*, 874 S.W.2d 880, 886 (Tex. App.—Austin 1994, no writ)). Additionally, the trial court may assign different weights to the factors it considers. *Id.*

### 2. *The evidentiary hearing.*

As previously stated, TJJD notified the trial court that P.P. had not completed his sentence and that his conduct indicated the community's welfare required transfer. (I C.R. at 82). P.P. was initially placed at McLennan County State Juvenile Correctional Facility and successfully met release criteria, being paroled on June 10, 2024. (1 R.R. at 9). While on parole, his officer received pictures of P.P. holding guns on social media. (1 R.R. at 7). On January 16, 2025, officers found a pistol in his room, leading to a "directive to apprehend" and his return to detention on January 28, 2025. (I C.R. at 99).

---

[1] TEX. FAM. CODE ANN. § 54.11(k).

On March 13, 2025, the trial court ordered P.P. transferred from TJJD to TDCJ to serve the remainder of his sentence. (I C.R. at 106). In this order, the trial court only generally stated it considered:

- Written reports from the Texas Juvenile Justice Department, probation officers, and professional court employees, in addition to witness testimony.

- The experience and character of the Respondent, both before and after commitment to the Texas Juvenile Justice Department, and finds that the Respondent is of sufficient intellectual abilities and sophistication to be committed at the Texas Department of Criminal Justice—Institutional Division.

- The nature of the penal offenses – Aggravated First Degree Felonies.

- The manner in which the offenses were committed.

- The ability of Respondent to contribute to society.

- The protection of the victim or any member of the victim's family as well as the protection of the community.

- The recommendations of the Texas Juvenile Justice Department and the Prosecuting Attorney—both of which recommended transfer to the Texas Department of Criminal Justice—Institutional Division.

(I C.R. at 106).

After this "review," the Court merely found that "it is in the best interest of the Respondent, and of society, that Respondent be placed in the custody of the Texas Department of Criminal Justice—Institutional Division for the remainder of the TEN (10) YEAR Determinate Sentence." (I C.R. at 105). The trial court's failure to articulate which or the weight assigned to any the multiple statutory standards it relied

upon has been left to the imagination of this Court. This lack of specificity denies P.P. meaningful appellate review and requires remand for findings.

### 3. Due process guarantees meaningful appellate review.

The traditional application of the abuse of discretion standard fails to provide meaningful appellate review, raising significant due process concerns. Appellant does not question the applicability of the abuse of discretion standard to this matter. However, determining whether a trial court has abused its discretion under its current strictures is impossible when it fails to define its decisions. Reviewing courts must be able to determine when the bounds of discretion have been overreached.

### a. Due process fundamentals & the right to an effective appeal.

The Due Process Clause of the Fourteenth Amendment guarantees "due process of law." U.S. CONST. amend. XIV. This encompasses both substantive protections and procedural fairness. *United States v. Salerno*, 481 U.S. 739, 746 (1987). Juvenile proceedings, which may deprive a child of liberty for years, are comparable in seriousness to criminal prosecutions, and many due process protections, such as the right to appeal and counsel, apply. *See In re Winship*, 397 U.S. 358, 365 (1970); *see also* TEX. FAM. CODE ANN. § 56.01(d). Once an appeal as of right is granted, the procedures used must comport with the demands of the Due Process and Equal Protection Clauses, guaranteeing an appeal that is both adequate and effective. *Evitts*

*v. Lucey*, 469 U.S. 387, 393 (1985). Here, the standard of review as interpreted by this State's courts governing the transfer decision effectively renders appellate courts nothing more than a judicial speed bump, resulting in a deprivation of P.P.'s constitutional rights.

### b. Meaningful appellate review demands articulated reasoning for effective review.

This matter demands review for failing to provide meaningful appellate review. Appellate courts should "act alike in all cases of like nature." To do so, broad judicial review is necessary. The Honorable Henry J. Friendly, *Feature: Indiscretion about Discretion*, 31 EMORY L.J. 747, 758 (1982). To facilitate this review, the trial court must articulate its reasoning and how it exercised its discretion:

> We must examine the adequacy of the rationale behind the district court's decision rather than simply reach the conclusion that seems best to us . . . We cannot review the district court's exercise of its discretion in weighing [here, the various statutory factors] unless we know that it has done so and why it reached its result. By failing to give any indication of the basis for its decision . . . the district court left us with no reasoned decision to review, and no basis upon which to evaluate its discretion, thereby making it impossible for us to do our judicial duty. Where, as here, a district court does not explain its reasoning, we must remand to that court to reconsider its decision and to set forth its reasons for whatever decision it reaches, so that we can properly exercise our powers of review.

*Traxler v. Multnomah County*, 596 F.3d 1007, 1015–16 (9th Cir. 2010).

The Court of Criminal Appeals has similarly stated that to justify the broad discretion invested in juvenile court decisions, the Legislature "conversely requires

a trial court to take pains to spread its deliberative process on the record." *Moon v. State*, 451 S.W.3d 28, 38 (Tex. Crim. App. 2014). This assures "a sure-footed and definite basis from which an appellate court can determine that its decision was in fact appropriately guided by the statutory criteria, principled, and reasonable." *Id.*

The traditional abuse of discretion standard, if applied without articulated reasoning, would result in this Court's affirmance of the trial court's decision—save for any matter wholly without evidentiary support. Instead, applying the principles of guided discretion would allow this Court to actually determine the trial court's holdings vis-à-vis the applicable statute. Indeed, the legislative purpose is better served when orders specify the basis of their holding, preventing an appellate court from having to speculate as to the juvenile court's reasons. *Id.*

### 4. *The abuse of discretion standard used by Texas courts is ineffective in cases of "guided" discretion.*

Despite the clear need for articulated reasoning in guided discretion cases, some Texas courts of appeal have found no requirement for the juvenile court judge to state reasons for transfer or to file separate findings or conclusions of law. *In re K.T.*, No. 06-22-00003-CV, 2022 Tex. App. LEXIS 2661, at *4 (Tex. App.—Texarkana Apr. 25, 2022, no pet) (mem. op.); *Charles v. State*, No. 05-93-01812-CV, 1994 Tex. App. LEXIS 4024, at *6–7 (Tex. App.—Dallas Dec. 20, 1994) (mem. op) (finding no error in the trial court's failure to specifically articulate in the transfer order its reasons for

the transfer). The Texarkana court also rejected the concept of "abuse of guided discretion" review and the argument that the abuse of discretion standard violated due process rights. *See In re M.C.*, 502 S.W.3d 852, 858 (Tex. App.—Texarkana 2016, pet. denied.). Other courts have agreed, declining to adopt the "abuse of guided discretion" standard. Those courts incorrectly suggest that judicial oversight is sufficient when the record provides when it looks like there is enough "evidence" to satisfy the discretionary standard. *M.C.*, 502 S.W.3d at 857; *In re A.G.*, No. 10-16-00268-CV, 2017 Tex. App. LEXIS 3447, at *2–3, *5–6 (Tex. App.— Apr. 19, 2017, pet. denied) (mem. op.) ("The record and the trial court's findings and conclusions were sufficient to allow us to conduct our review . . .").

However, the sister court's of appeal rejection of "guided abuse of discretion" review is problematic. This stance fails to account for the holding of the Court of Criminal Appeals in *Moon.* Further this holding is quite disingenuous in suggesting guided discretion review is merely a Ninth Circuit concept. As shown above, the United States Supreme Court, the Court of Criminal Appeals, joined by the Federal Circuit[2] have all supported the need for adequate findings to support discretionary actions. Here, this Court is left with no ***reasoning*** to review whatsoever – other than the rote listing of the applicable statutes which were "considered."

---

[2]     *See S.C. Johnson & Sons, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986).

### 5. Remand is necessary due to foreclosed meaningful review.

Meaningful appellate review for abuse of discretion is prevented when the district court fails to articulate its reasoning." *Traxler*, 596 F.3d at 1016. Providing a rationale is particularly important where a statute has enumerated several factors. As the Supreme Court stated: "Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review." *United States v. Taylor*, 487 U.S. 326, 336–37 (1988).

Appellant suffers harm when the trial judge's omission of findings and conclusions prevents proper appellate review, as this Court cannot determine which factors the district court applied or their effect in the decision to transfer P.P. to TDCJ. *Larry F. Smith, Inc. v. The Weber Co., Inc.*, 110 S.W.3d 611, 614 (Tex. App.—Dallas 2003, pet. denied).Indeed, P.P is harmed, as he is forced to guess at the reason for the trial court's ruling, especially with multiple potential grounds for the decision. *Id.* Because harm is shown here, this Court must abate the case and allow the trial court to make its findings and conclusions. *See Brooks v. Hous. Auth. of El Paso*, 926 S.W.2d 316, 319–20 (Tex. App.—El Paso 1996, no writ). Appellant P.P. requests that this Court do so.

## PRAYER FOR RELIEF

For the reasons alleged, Appellant P.P. was denied a fair decision. Thus, this Honorable Court must remand this matter for findings and conclusions or for such other relief as he may be entitled.

Respectfully submitted,

**LAW OFFICE OF STAN SCHWIEGER**

/s/ *Stan Schwieger*

Stan Schwieger
600 Austin Avenue, Suite 12
Waco, Texas 76701
(254) 752–5678
(254) 752–7792—Facsimile
E–mail: wacocrimatty@yahoo.com
State Bar No. 17880500
**ATTORNEY FOR APPELLANT**

## CERTIFICATE OF SERVICE

On July 15, 2025, a copy of this Brief was delivered to the McLennan County District Attorney's Office by this Court's electronic filing system.

/s/ *Stan Schwieger*

Stan Schwieger

**CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4**

1.  This brief complies with the type–volume limitation of TEX. R. APP. P. 9.4(i) because this brief contains 4499 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

2.  This brief complies with the typeface requirements and the type style requirements of TEX. R. APP. P. 9.4(e) because this brief has been produced on a computer in conventional typeface using WordPerfect X7 in Times New Roman 14 point font in the body of the brief and Times New Roman 12 point font in the footnotes.

/S/ *Stan Schwieger*
Stan Schwieger

# APPENDIX

# 1.

# Order of Transfer to Criminal Court

FILED

2025 MAR 18 PM 1§ 30

JON R. GIMBLE
DISTRICT CLERK§
MCLENNAN CO. TX.

_Autumn Jettes_ DEPUTY

| | |
|---|---|
| IN THE MATTER OF: | 474TH DISTRICT COURT |
| P███ P███, | MCLENNAN COUNTY, TEXAS |
| A JUVENILE | SITTING AS A JUVENILE COURT |

## ORDER OF TRANSFER TO THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE—INSTITUTIONAL DIVISION

On this the 13th day of March, 2025, personally appeared before this Court: P███ P███, hereinafter referred to as "the Respondent"; SAM MARTINEZ, Respondent's Attorney; and JOHN WIERSGALLA, the Prosecuting Attorney. The parties announced "ready" for a Transfer Hearing to be held pursuant to Sections 244.014 of the Human Resources Code and Section 54.11 of the Texas Family Code.

The Respondent and Respondent's Attorney were then advised of the nature of the hearing, the Respondent's privilege against self-incrimination, the Respondent's right to cross-examine all witnesses, to present evidence and oral argument, as well as the Respondent's right to previous examination of all reports, evaluations and examinations relating to the Respondent that may be used in the hearing.

I.

While hearing evidence at the proceeding, the Court took under consideration, among other matters, the following:

1.  The experiences and character of the Respondent before and after commitment to the Texas Juvenile Justice Department;

2.  The nature of the penal offenses that the Respondent was found to have committed and the manner in which the offenses were committed;

3. The ability of Respondent to contribute to society;

4. The protection of the victim or any members of the victim's family;

5. Recommendations of the Juvenile Justice Department and Prosecuting Attorney;

6. The best interests of Respondent; and,

7. Any other factor relevant to the issue to be decided.

II.

After careful consideration of all the evidence presented, and the Respondent's previous record, the Court finds the following:

1. A Certification of Approval of Petition by the Grand Jury was signed, granting this Court the authority to find a disposition of Determinate Sentencing.

2. At an adjudication hearing on the 27th day of June, 2022, Respondent was found to have engaged in Delinquent Conduct, which occurred on or about the 26th day of March, 2022, for ONE (1) Count of AGGRAVATED ASSAULT, in violation of Section 29.03 of the Texas Penal Code. At the disposition hearing that followed, Respondent was sentenced to a determinate sentence of TEN (10) YEARS and committed to the care, custody and control of the Texas Juvenile Justice Department in accordance with Sections 53.045 and 54.04 of the Texas Family Code. Said determinate sentence was subject to a possible transfer to the Texas Department of Criminal Justice—Institutional Division pursuant to Section 54.11 of the Texas Family Code.

3. A Transfer Hearing was held by this Court to determine the appropriateness and necessity of transferring Respondent to the Texas Department of Criminal Justice—

103

Institutional Division for the remainder of the TEN (10) YEAR Determinate Sentence.

4. The Respondent is a MALE child who was born on the ████████████████, is currently ██ years of age, and is presently in the custody of the Texas Juvenile Justice Department.

5. The proper notice requirements of Section 54.11 of the Texas Family Code have been satisfied, and proper notification of the parties that the hearing was for the purpose of a Transfer Hearing were served on the Respondent, Respondent's Attorney, and the Texas Juvenile Justice Department.

6. Prior to the hearing, Respondent's Attorney was provided access to all written matter to be considered by this Court.

7. At the hearing, this Court considered written reports from the Texas Juvenile Justice Department, probation officers, and professional court employees, in addition to witness testimony.

8. The Court considered the experience and character of the Respondent, both before and after commitment to the Texas Juvenile Justice Department, and finds that the Respondent is of sufficient intellectual abilities and sophistication to be committed at the Texas Department of Criminal Justice—Institutional Division.

9. The Court has considered the nature of the penal offenses— aggravated First Degree Felonies.

10. The Court considered the manner in which the offenses were committed.

11. The Court considered the ability of Respondent to contribute to society.

12.  The Court considered the protection of the victim or any member of the victim's family as well as the protection of the community.

13.  The court considered the recommendations of the Texas Juvenile Justice Department and the Prosecuting Attorney—both of which recommended transfer to the Texas Department of Criminal Justice—Institutional Division.

14.  The Court is of the opinion that it is in the best interest of the Respondent, and of society, that Respondent be placed in the custody of the Texas Department of Criminal Justice—Institutional Division for the remainder of the TEN (10) YEAR Determinate Sentence.

III.

It is ORDERED by the 474th District Court of McLennan County, Texas, sitting as a Juvenile Court, that P███ P███, Respondent, be TRANSFERRED immediately to the Texas Department of Criminal Justice—Institutional Division to serve the remainder of the TEN (10) YEAR Determinate Sentence pursuant to Sections 53.045, 54.05, and 54.11 of the Texas Family Code.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Respondent be immediately returned to the care, custody, and control of TJJD and thenceforward TRANSFERRED to the care, custody, and control of the Texas Department of Criminal Justice—Institutional Division in accordance with Section 54.11 of the Texas Family Code, therein to serve the remainder of the TEN (10) YEAR Determinate Sentence.**

The Court finds that the Respondent was granted juvenile detention credit of 175 days at the time of commitment to the Texas Juvenile Justice Department. **P█████ P██████** entered the Texas Juvenile Justice Department on the 20th day of October, 2022, and should be granted credit for time served in the Texas Juvenile Justice Department.

On entry of the above and foregoing order, this Court instructs the Respondent's Attorney to advise **P█████ P██████** of the right to appeal and the right to appointment of an attorney for appeal if an attorney cannot be obtained because of indigency. The Respondent's Attorney is further instructed that, if Respondent and/or Respondent's parent, guardian, or guardian ad litem express a desire to appeal, the Respondent's Attorney shall file a notice of appeal with this Court and inform this Court whether or not he will handle the appeal.

Signed this 13th day of March, A.D., 2025

THE HONORABLE ALAN BENNETT
JUDGE OF THE 474TH DISTRICT COURT,
SITTING AS A JUVENILE COURT
McLENNAN COUNTY, TEXAS

# 2.
# TEX. FAM. CODE ANN. 54.11.

*Texas Statutes & Codes*

*Annotated by LexisNexis®* >
*Texas Family Code* > *Title 3*
*Juvenile Justice Code (Chs. 51 — 61)* >
*Chapter 54 Judicial Proceedings (§§ 54.01 — 54.11)*

## Sec. 54.11. Release or Transfer Hearing.

**(a)** On receipt of a referral under Section 244.014(a), Human Resources Code, for the transfer to the Texas Department of Criminal Justice of a person committed to the Texas Juvenile Justice Department under Section 54.04(d)(3), 54.04(m), or 54.05(f), on receipt of a request by the Texas Juvenile Justice Department under Section 245.051(d), Human Resources Code, for approval of the release under supervision of a person committed to the Texas Juvenile Justice Department under Section 54.04(d)(3), 54.04(m), or 54.05(f), or on receipt of a referral under Section 152.0016(g) or (j), Human Resources Code, the court shall set a time and place for a hearing on the possible transfer or release of the person, as applicable.

**(b)** The court shall notify the following of the time and place of the hearing:

**(1)** the person to be transferred or released under supervision;

**(2)** the parents of the person;

**(3)** any legal custodian of the person, including the Texas Juvenile Justice Department or a juvenile board or local juvenile probation department if the child is committed to a post-adjudication secure correctional facility;

**(4)** the office of the prosecuting attorney that represented the state in the juvenile delinquency proceedings;

**(5)** the victim of the offense that was included in the delinquent conduct that was a ground for the disposition, or a member of the victim's family; and

**(6)** any other person who has filed a written request with the court to be notified of a release hearing with respect to the person to be transferred or released under supervision.

**(c)** Except for the person to be transferred or released under supervision and the prosecuting attorney, the failure to notify a person listed in Subsection (b) of this section does not affect the validity of a hearing conducted or determination made under this section if the record in the case reflects that the whereabouts of the

persons who did not receive notice were unknown to the court and a reasonable effort was made by the court to locate those persons.

**(d)** At a hearing under this section the court may consider written reports and supporting documents from probation officers, professional court employees, guardians ad litem appointed under Section 51.11(d), professional consultants, employees of the Texas Juvenile Justice Department, or employees of a post-adjudication secure correctional facility in addition to the testimony of witnesses. On or before the fifth day before the date of the hearing, the court shall provide the attorney for the person to be transferred or released under supervision with access to all written matter to be considered by the court. All written matter is admissible in evidence at the hearing.

**(e)** At the hearing, the person to be transferred or released under supervision is entitled to an attorney, to examine all witnesses against him, to present evidence and oral argument, and to previous examination of all reports on and evaluations and examinations of or relating to him that may be used in the hearing.

**(f)** A hearing under this section is open to the public unless the person to be transferred or released under supervision waives a public hearing with the consent of his attorney and the court.

**(g)** A hearing under this section must be recorded by a court reporter or by audio or video tape recording, and the record of the hearing must be retained by the court for at least two years after the date of the final determination on the transfer or release of the person by the court.

**(h)** The hearing on a person who is referred for transfer under Section 152.0016(j) or 244.014(a), Human Resources Code, shall be held not later than the 60th day after the date the court receives the referral.

**(i)** On conclusion of the hearing on a person who is referred for transfer under Section 152.0016(j) or 244.014(a), Human Resources Code, the court may, as applicable, order:

    **(1)** the return of the person to the Texas Juvenile Justice Department or post-adjudication secure correctional facility; or

    **(2)** the transfer of the person to the custody of the Texas Department of Criminal Justice for the completion of the person's sentence.

**(j)** On conclusion of the hearing on a person who is referred for release under supervision under Section 152.0016(g) or 245.051(c), Human Resources Code, the court may, as applicable, order the return of the person to the Texas Juvenile Justice Department or post-adjudication secure correctional facility:

**(1)** with approval for the release of the person under supervision; or

**(2)** without approval for the release of the person under supervision.

**(k)** In making a determination under this section, the court may consider the experiences and character of the person before and after commitment to the Texas Juvenile Justice Department or post-adjudication secure correctional facility, the nature of the penal offense that the person was found to have committed and the manner in which the offense was committed, the abilities of the person to contribute to society, the protection of the victim of the offense or any member of the victim's family, the recommendations of the Texas Juvenile Justice Department, county juvenile board, local juvenile probation department, and prosecuting attorney, the best interests of the person, and any other factor relevant to the issue to be decided.

**(l)** Pending the conclusion of a transfer hearing, the juvenile court shall order that the person who is referred for transfer be detained in a certified juvenile detention facility as provided by Subsection (m). If the person is at least 17 years of age, the juvenile court may order that the person be detained without bond in an appropriate county facility for the detention of adults accused of criminal offenses.

**(m)** The detention of a person in a certified juvenile detention facility must comply with the detention requirements under this title, except that, to the extent practicable, the person must be kept separate from children detained in the same facility.

**(n)** If the juvenile court orders that a person who is referred for transfer be detained in a county facility under Subsection (*l*), the county sheriff shall take custody of the person under the juvenile court's order.

**(o)** In this section, "post-adjudication secure correctional facility" has the meaning assigned by Section 54.04011.

## History

Enacted by Acts 1987, 70th Leg., ch. 385 (H.B. 682), § 13, effective September 1, 1987; am. Acts 1991, 72nd Leg., ch. 574 (S.B. 303), § 3, effective September 1, 1991; am. Acts 1995, 74th Leg., ch. 262 (H.B. 327), § 46, effective January 1, 1996; am. Acts 2001, 77th Leg., ch. 1297 (H.B. 1118), § 29, effective September 1, 2001; am. Acts 2003, 78th Leg., ch. 283 (H.B. 2319), § 24, effective September 1, 2003; am. Acts 2009, 81st Leg., ch. 87 (S.B. 1969), § 25.058, effective September 1, 2009; am. Acts 2011, 82nd Leg., ch. 85 (S.B. 653), § 3.007, effective September 1, 2011; am. Acts 2013, 83rd Leg., ch. 1299 (H.B. 2862), § 22, effective September 1, 2013; am. Acts 2013, 83rd Leg., ch. 1323 (S.B. 511), § 6, effective December 1, 2013; Acts 2015, 84th Leg., ch. 854 (S.B. 1149), § 3, effective

# 3.
## TEX. HUM. RES. CODE ANN. 244.014.

hb2856, sb1371, hb4809, sb1762, hb4945, hb4643, hb5247, hb4506, hb4687, sb1733, hb3575, hb3803, hb2524. ***

*Texas Statutes & Codes*

*Annotated by LexisNexis®*       **>**
*Human Resources Code*       **>**
*Title 12 Juvenile Justice Services and Facilities (Subts. A — D)*     **>**
*Subtitle C Secure Facilities (Chs. 241 — 246)*     **>**
*Chapter 244 Care and Treatment of Children (Subchs. A — B)*     **>**
*Subchapter A General Care and Treatment of Children (§§ 244.001 — 244.015)*

## Notice

⚑ This section has more than one version with varying effective dates.

## Sec. 244.014. Referral of Determinate Sentence Offenders for Transfer.

**(a)** After a child sentenced to commitment under Section 54.04(d)(3), 54.04(m), or 54.05(f), Family Code, becomes 16 years of age but before the child becomes 19 years of age, the department may refer the child to the juvenile court that entered the order of commitment for approval of the child's transfer to the Texas Department of Criminal Justice for confinement if:

    **(1)** the child has not completed the sentence; and

    **(2)** the child's conduct, regardless of whether the child was released under supervision under Section 245.051, indicates that the welfare of the community requires the transfer.

**(a-1)** After a child sentenced to commitment under Section 54.04(d)(3), 54.04(m), or 54.05(f), Family Code, becomes 16 years of age but before the child becomes 19 years of age, the department shall refer the child to the juvenile court that entered the order of commitment for approval of the child's transfer to the Texas Department of Criminal Justice for confinement if:

    **(1)** the child has not completed the sentence;

    **(2)** while the child was committed to the custody of the department, the child was subsequently adjudicated or convicted for conduct constituting a felony of the first or second degree or an offense punishable under Section 22.01(b)(1), Penal Code; and

**(3)** the child was at least 16 years of age at the time the conduct occurred.

**(b)** The department shall cooperate with the court on any proceeding on the transfer of the child.

**(c)** If a child is released under supervision, a juvenile court adjudication that the child engaged in delinquent conduct constituting a felony offense, a criminal court conviction of the child for a felony offense, or a determination under Section 244.005(4) revoking the child's release under supervision is required before referral of the child to the juvenile court under Subsection (a).

## History

Enacted by Acts 1987, 70th Leg., ch. 385 (H.B. 682), § 17, effective September 1, 1987; am. Acts 1995, 74th Leg., ch. 262 (H.B. 327), § 61, effective January 1, 1996; am. Acts 2005, 79th Leg., ch. 949 (H.B. 1575), § 40, effective September 1, 2005; am. Acts 2007, 80th Leg., ch. 263 (S.B. 103), § 50, effective June 8, 2007; am. Acts 2011, 82nd Leg., ch. 85 (S.B. 653), § 1.007, effective September 1, 2011 (renumbered from Sec. 61.079); am. Acts 2013, 83rd Leg., ch. 1299 (H.B. 2862), § 39, effective September 1, 2013; Acts 2023, 88th Leg., ch. 950 (S.B. 1727), § 44, effective September 1, 2023.

Texas Statutes & Codes Annotated by LexisNexis®
Copyright © 2025 All rights reserved.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stanley Schwieger
Bar No. 17880500
wacocrimatty@yahoo.com
Envelope ID: 103102865
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief
Status as of 7/14/2025 3:38 PM CST

Associated Case Party: McLennan County District Attorney's Office

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Sterling Harmon | | sterling.harmon@mclennan.gov | 7/14/2025 3:16:04 PM | SENT |
| Josh Tetens | | josh.tetens@mclennan.gov | 7/14/2025 3:16:04 PM | SENT |